**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED
Aug 14 2013, 5:33 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**T. ANDREW PERKINS**
Peterson Waggoner & Perkins, LLP
Rochester, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| RANDALL W. OGLE, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | )   No. 25A03-1301-CR-7 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE FULTON CIRCUIT COURT
The Honorable A. Christopher Lee, Judge
Cause No. 25C01-1012-MR-181

**August 14, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Randall Ogle (Ogle), appeals his sentence for one Count of reckless homicide, a Class C felony, Ind. Code § 35-42-1-5; one Count of possession of a destructive device, a Class C felony, I.C. § 35-47.5-5-2; and one Count of possession of marijuana in excess of 30 grams, a Class D felony, I.C. § 35-48-4-11(1).

We affirm.

## ISSUES

Ogle raises two issues on appeal, which we restate as:

(1) Whether the trial court abused its discretion when sentencing him; and

(2) Whether his sentence is inappropriate in light of the nature of his offenses and his character.

## FACTS AND PROCEDURAL HISTORY

On November 28, 2010, Ogle returned to his home in Rochester, Indiana, where he lived with his son, Cassidy Ogle (Cassidy). The two began arguing. Both men were intoxicated and Ogle's blood alcohol content (BAC) was later determined to be .06. Cassidy's BAC was later determined to be .275. Cassidy wore a sheathed hunting knife and a holstered 9mm Glock handgun. At some point, Cassidy threatened to "gut" Ogle and attacked him with a butcher knife. (Transcript p. 813). Shots were also fired from his gun. Ogle reached for a double-barrel shotgun that he kept at his home, fired two shots, and hit Cassidy in the head and on the side of his body. Ogle later called 911 and

2

stated that he shot Cassidy in self-defense, but subsequently maintained that the shooting was accidental. During the ensuing investigation, police found marijuana and gold coins in Ogle's pick-up truck as well as throughout the home. Explosive devices were also found in the home. Ogle denied ownership of the marijuana and the explosive devices.

On December 20, 2010, the State filed an Information charging Ogle with Count I, murder, a felony, Ind. Code § 35-42-1-1; Count II, voluntary manslaughter, a Class A felony, I.C. § ; Counts III-IV, possession of a destructive device, Class C felonies, I.C. § 35-47.5-5-2; Count V, dealing in marijuana in excess of 30 grams, a Class D felony, I.C. § 35-48-4-10(a) and (b)(1)(B); and Count VI, possession of marijuana in excess of 30 grams, a Class D felony, I.C. § 35-48-4-11. On October 9, 2012, a jury trial was held. The jury acquitted Ogle on Count I, but found him guilty of the lesser included offense of reckless homicide, I.C. § 35-42-2-2(c)(3)(B). The jury also found Ogle guilty of Count III, possession of a destructive device, and Count VI, possession of marijuana in excess of 30 grams. Ogle was acquitted on Counts II, IV, and V.

On December 10, 2012, the trial court conducted the sentencing hearing. As an aggravating factor, the State argued that Ogle showed a lack of remorse for the killing of his son. The trial court agreed, citing its doubts on the veracity of Ogle's trial testimony and his efforts to "set up the scene" following the shooting. (Tr. p. 1053). The trial court also viewed the large quantity of marijuana and the explosive devices found at Ogle's home as aggravating factors. Concluding that the aggravating factors outweighed the mitigating factors, the trial court sentenced Ogle to eight years for reckless homicide,

3

with one year suspended and one year of probation; six years for possession of a destructive device, with four years suspended and one year on probation; and three years for possession of marijuana in excess of 30 grams, with two years suspended and one year on probation. The trial court ordered the sentences to run consecutively for an aggregate executed sentence of ten years. Ogle was also ordered to pay $3,662.95 restitution to Cassidy's mother for funeral expenses.

Ogle now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Ogle argues that the trial court improperly sentenced him. First, he argues that the trial court abused its discretion by identifying a lack of remorse as an aggravating factor. Second, Ogle requests us to modify his sentence under Indiana Appellate Rule 7(B) in light of the nature of his offense and his character.

A. *Abuse of Discretion*

As long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion will be found where the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id*.

Ogle argues that the trial court conflated his insistence on innocence with a lack of remorse. His argument is based on a single statement in his pre-sentence investigation report, which refers to Ogle's "lack of remorse as he continues to maintain his innocence

4

after being found guilty by a jury." (Appellant's App. p. 86). However, the trial court's sentencing statement makes clear that it found Ogle to lack remorse based upon his behavior following Cassidy's death and the veracity of Ogle's testimony. A trial court's determination of a defendant's remorse is similar to a determination of credibility. *See Pickens v. State*, 767 N.E.2d 530, 535 (Ind. 2002). Absent evidence of some impermissible consideration by the trial court, we accept its determination of credibility. *See id.*

Here, the trial court cited evidence that Cassidy's body had been moved after the shooting and that Ogle had arranged for marijuana and gold to be transported away from the scene. The trial court found such acts to be the result of "self-preservation" instead of remorse. (Tr. p. 1053). Although Ogle testified that he had no knowledge of the vast quantity of marijuana and the destructive devices kept at his home, the trial court found his explanations to be "extremely contradictory and at times really almost absurd." (Tr. p. 1053). Rather than penalizing Ogle's insistence upon his innocence, the record reflects that the trial court concluded that Ogle lacked remorse based upon his behavior and contradictory testimony. Given our substantial deference to the trial court's evaluation of remorse, we find no abuse of discretion. *See Sharkey v. State*, 967 N.E.2d 1074, 1079 (Ind. Ct. App. 2012).

B. *Appropriateness of Sentence*

Ogle also argues that his eight year sentence for reckless homicide is inappropriate in light of the nature of the offense and his character. He also argues that consecutive

sentences are inappropriate. Indiana Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "Ultimately the length of the aggregate sentence and how it is to be served are the issues that matter." *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and a myriad of other considerations that come to light in a given case. *Id.*

The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Abbott v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012). A sentence for a Class C felony ranges from two to eight years, with an advisory sentence of four years. *See* I.C. § 35-50-2-6(a). A sentence for a Class D felony ranges from six months to three years, with an advisory sentence of one and a half years. *See* I.C. § 35-50-2-7(a). The trial court sentenced Ogle to seven years executed and one year suspended to probation on the Class C felony reckless homicide; two years executed, four years suspended and one year on probation for Class C felony possession of a destructive device; and one year executed, two years suspended and one year of probation for Class D felony marijuana possession.

6

With respect to the nature of the offense, Ogle argues that he is not among the worst of the worst offenders because of (1) Cassidy's conduct in precipitating the shooting and (2) previous appellate court decisions in which we have upheld maximum sentences of reckless homicide. Although maximum possible sentences are generally most appropriate for the worst offenders, "it will always be possible to identify or hypothesize a significantly more despicable scenario." *Buchanan v. State*, 767 N.E.2d 967, 973 (Ind. 2002). Thus, we look to the details and circumstances of the commission of the offense and the defendant's participation. *See Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011). To prove reckless homicide, the State was required to present evidence that Ogle recklessly killed Cassidy. *See* I.C. § 35-42-1-5. A person engages in conduct "recklessly" if he engages in the conduct in plain, conscious, and unjustifiable disregard of harm that might result and the disregard involves a substantial deviation from acceptable standards of conduct. I.C. § 35-41-2-2(c). Here, Ogle was admittedly intoxicated and arguing with his son, who was also intoxicated and armed. Instead of electing to remove himself from the home, Ogle grabbed a loaded shotgun, put two fingers on the trigger, and brought the volatile situation to its tragic conclusion. The trial court found that Ogle engaged in acts of "self-preservation" by manipulating the scene of Cassidy's death and arranging for trucks containing marijuana and gold coins to be removed from his property. (Tr. p. 1053). We therefore conclude that the nature of the offense supports the sentence imposed by the trial court.

Turning to his character, we note that the trial court concluded that Ogle's long work history and negligible criminal history were mitigating factors. However, it did not attribute much weight to his criminal history because of the on-going marijuana growing operation at his home and its doubts on the veracity of his testimony. We have recognized that a defendant's downplaying of responsibility and lack of veracity may be indicative of character. *See Sharkey*, 967 N.E.2d at 1079. Given the record before us, Ogle has not persuaded us that his character renders his sentence inappropriate.

Finally, we reject Ogle's challenge to his consecutive sentences. Ogle contends that the trial court's finding that Ogle committed "separate offenses and separate cases" is at odds with the State's closing argument, which arguably asserted that the marijuana played a part in the dispute that led to Cassidy's death. Pursuant to I.C. § 35-50-1-2(c), the trial court may order terms of imprisonment to be served consecutively. In order to impose consecutive sentences, the trial court must find at least one aggravating circumstance. *O'Connell v. State*, 742 N.E.2d 943, 951 (Ind. 2001). It is a well-established principle that the fact of multiple crimes or victims constitutes a valid aggravating circumstance that a trial court may consider in imposing consecutive or enhance sentences. *Id*. at 952. Ogle's killing of Cassidy, his possession of a destructive device, and possession of more than 30 grams of marijuana constitute separate crimes. In sum, Ogle has not persuaded us that his sentence is inappropriate under these circumstances. We therefore affirm the trial court's sentence.

CONCLUSION

8

Based on the foregoing, we conclude that the trial court did not abuse its discretion when sentencing Ogle. Further, we conclude that Ogle's sentence is not inappropriate.

Affirmed.

KIRSCH, J. and ROBB, C. J. concur