# FOR PUBLICATION



**FILED**

May 23 2012, 8:45 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**WILLIAM S. FRANKEL, IV**
Wilkinson Goeller Modesitt
Wilkinson & Drummy, LLP
Terre Haute, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

GABRIEL J. SHARKEY,          )
                             )
    Appellant-Defendant,     )
                             )
       vs.                  )    No. 84A04-1110-CR-550
                             )
STATE OF INDIANA,            )
                             )
    Appellee-Plaintiff.      )

APPEAL FROM THE VIGO SUPERIOR COURT
The Honorable John T. Roach, Judge
Cause No. 84D01-1002-FD-544

**May 23, 2012**

**OPINION - FOR PUBLICATION**

**RILEY, Judge**

Appellant-Defendant, Gabriel J. Sharkey (Sharkey), appeals his sentence following a guilty plea for intimidation as a Class D felony, Ind. Code § 35-45-2-1(a)(1).

We affirm.

ISSUE

Sharkey raises two issues on appeal, which we consolidate and restate as the following single issue: Whether the trial court properly sentenced Sharkey.

FACTS AND PROCEDURAL HISTORY

On February 10, 2010, Sharkey's daughter was apprehended at her high school in Terre Haute, Indiana for possession of a legend drug. When the arresting officer called Sharkey and informed him that his daughter was being arrested, Sharkey asked if he could see his daughter before she was transported to the detention center. When he received a negative reply, Sharkey told the officer that he would "come down with [his] guns blaring. . . I've got a twelve gauge, I'll come down and I'll let everybody have it." (Sentencing Transcript p. 10). In response to Sharkey's threats, the school was locked down and no one was allowed out of the classrooms.

On February 12, 2010, the State filed an Information charging Sharkey with Count I, intimidation, a Class D felony, I.C. § 35-45-2-1(a)(1) and Count II, contributing to the delinquency of a minor, a Class A misdemeanor, I.C. § 35-46-1-8. On August 23, 2011, Sharkey entered into a plea agreement with the State in which he agreed to plead guilty to the Class D felony intimidation in exchange for the State dismissing the A misdemeanor

charge of contributing to the delinquency of a minor. The plea agreement capped Sharkey's maximum sentence at one and one-half years and permitted him to argue that his Class D felony conviction should be entered as a Class A misdemeanor.

On September 13, 2011, the trial court conducted a sentencing hearing. At the close of the evidence, the trial court stated the following:

> I think it's important for a number of reasons for me to read the following statement. This is from [the arresting officer], "[], I'm responding to the proposed plea agreement that was emailed to me several hours ago from [Sharkey]. I would like to discuss some recent events that had a lot of police officers in our community and nationwide on edge. There were eleven police officers shot in a twenty-four hour period. Fifteen police officers nationwide have paid the ultimate sacrifice for a community already this year, with eleven of those being killed by gunfire. The media has been all over the police shootings and community members are outraged. [Sharkey's] threat was not an idle threat. His threat was serious and he meant it. [Sharkey] did not just threaten me, he threatened nearly eighteen hundred students, hundreds of faculty members and the general security of Terre Haute South High School. [Sharkey's] threat completely disrupted the normal operation of Terre Haute South High School, and even though the students didn't know they were in danger, several faculty members did and were frightened. The school was locked down and no one was allowed out of their classroom. I truly do not feel the plea agreement comes close to justice for the crimes and fear [Sharkey] inflicted on me and this community. I feel this act should not just get swept under the rug and members of the community need to know that threats and acts of violence towards our police and public servants will not be tolerated, and maybe, just maybe, this will prevent an extreme act of violence like the one that usually [takes] place in Indianapolis and around the country." Signed by [the arresting officer].
>
> I am very troubled by your attempts to minimize what you did. Don't speak, it's my turn. Until you were confronted with the actual transcribed statement by the prosecutor, you continued up to that point to deny that you made the specific threat. I even heard you say that you didn't even say you were going to bring a shotgun down there and shoot anybody that got in your way, and then you admitted after being confronted with the statement, that that's what you did, although you continued to deny that it was a specific threat to [the arresting officer]. That troubles me greatly. A

3

normal reaction of a person who wakes up and is told that his daughter is in trouble, is not, I'm going to get my gun and come down there[.] . . . That is a response of a bully. For that reason I am not going to enter this conviction as a misdemeanor. I think to do so rewards and confirms your efforts to minimize this event. So, I'm entering it as a D [f]elony conviction. I don't think I have to go into any further with respect to the effect that your threat had, do I? I have reviewed the statutory aggravating and mitigating factors. Of the statutory aggravating factors, I'm finding specifically that the harm cause[d] was greater than that necessary to prove the commission of the offense. I don't find any other statutory aggravators. I do not find any evidence of statutory mitigating factors.

(Sent. Tr. pp. 13-16). The trial court sentenced Sharkey to a suspended sentence of one and one-half years.

Sharkey now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Sharkey contends that the trial court abused its discretion when it imposed a suspended sentence of one and one-half years for intimidation, a Class D felony. A person who commits a Class D felony shall be imprisoned for a fixed term of between six months and three years, with the advisory sentence being one and one-half years. I.C. § 35-50-2-7. The plea agreement capped the sentence to the advisory term and the trial court imposed a one and one-half year sentence.

As long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *aff'd on reh'g,* 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* One way in which a trial court may abuse its discretion is by failing to enter a sentencing statement at

all.  *Id*.  Another example includes entering a sentencing statement that explains reasons for imposing a sentence, including aggravating and mitigating factors, which are not supported by the record.  *Id*. at 490-91.

Because the trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, a trial court cannot now be said to have abused its discretion by failing to properly weigh such factors.  *Id*. at 491.  This is so because once the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and mitigating factors, it may then impose any sentence that is authorized by statute and permitted under the Indiana Constitution.  *Id*.

This does not mean that criminal defendants have no recourse in challenging sentences they believe are excessive.  *Id*.  Although a trial court may have acted within its lawful discretion in determining a sentence, Appellate Rule 7(B) provides that the appellate court may revise a sentence authorized by statute if the appellate court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender.  *Id*.  It is on this basis alone that a criminal defendant may now challenge his sentence where the trial court has entered a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing the particular sentence that is supported by the record, and the reasons are not improper as a matter of law.  *Id*.

A. *Aggravator*

Sharkey first contends that the trial court's consideration of the single aggravator was improper.  Specifically, Sharkey asserts that the aggravator—the harm caused was

greater than that necessary to prove the commission of the offense—was a mere generalized reference to the nature and circumstances of the offense without any evidence to reflect that the arresting officer suffered greater harm than the elements necessary to prove the commission of the offense.

Our supreme court has held that the nature and circumstances of a crime can be a valid aggravating factor. *McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001). However, a trial court must give more than a generalized reference to the nature and circumstances. *Smith v. State*, 872 N.E.2d 169, 179 (Ind. Ct. App. 2007), *trans. denied*. The trial court may assign aggravating weight to the harm, injury, loss or damage suffered by the victim if such harm was significant and greater than the elements necessary to prove the commission of the offense. *Filice v. State*, 886 N.E.2d 24, 39 (Ind. Ct. App. 2008), *trans. denied*. In finding this aggravator, the trial court relied on the letter of the arresting officer which described the effects Sharkey's threats had on himself and on the school community. The letter detailed the enormous safety concerns triggered by Sharkey's vivid threat of blazing guns onto the school community at large. This was a concern that not only affected the victim of the intimidation but spilled over to eighteen hundred high school students and hundreds of faculty members. We conclude that this was a proper aggravator.

### B. *Mitigator*

Next, Sharkey contends the trial court's lack of finding any mitigators was an abuse of discretion. Specifically, he claims that the trial court overlooked his remorse as a mitigator. During the sentencing hearing, he admitted that he was guilty and that his

threat was "extremely dumb, absolutely, ignorant, scarey [sic], and all of the above." (Sent. Tr. p. 7). It is well within the trial court's discretion to determine the existence and weight of a mitigating factor. *Phelps v. State*, 914 N.E.2d 283, 291 (Ind. Ct. App. 2009). A defendant must demonstrate that the mitigating evidence is both significant and supported by the record to establish that the trial court failed to identify the evidence as a mitigating factor. *Id.*

We recognize that substantial deference must be given to a trial court's evaluation of remorse. *Allen v. State*, 875 N.E.2d 783, 788 (Ind. Ct. App. 2007). "Remorse, or lack thereof, by a defendant is something better guarded by a trial judge who views and hears a defendant's apology and demeanor first hand and determines the defendant's credibility." *Phelps v. State*, 914 N.E.2d 283, 293 (Ind. Ct. App. 2009). Therefore, we are unable to conclude that the trial court abused its discretion when it determined that Sharkey's remorse was not a significant mitigator.

### C. *Nature and Character*

With respect to Sharkey's argument pursuant to Appellate Rule 7(B), we find his one and one-half year suspended sentence is not inappropriate in light of the nature of the crime and his character.

With respect to Sharkey's conviction for intimidation, we note that by threatening the arresting officer that he would come to the school with his guns blazing, he placed an entire school community at risk. The school building had to be locked down and all students and faculty had to remain inside. During his testimony, Sharkey attempted to downplay the severity of his actions. He initially denied that he threatened to go to the

7

school with his guns, and it was only when the State confronted him with his own words that Sharkey conceded making this particular threat.

Turning to Sharkey's character, it should be noted that he has no significant criminal history. However, we cannot ignore that Sharkey lied during his sentencing hearing, downplaying the threat that was unprovoked and generated fear and anxiety in an entire school community. We agree with the State that this act of dishonesty suggests that he failed to genuinely accept responsibility for his crime. Under these circumstances, we find that Sharkey's sentence is not inappropriate. We affirm the trial court's imposition of a one and one-half year suspended sentence.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion in sentencing Sharkey.

Affirmed.

NAJAM, J. and DARDEN, J. concur