Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 28 2012, 9:26 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JASON J. PATTISON**
Jenner Auxier & Pattison, LLP
Madison, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| MICHAEL S. SCROGGINS, II, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 39A01-1203-CR-91 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JEFFERSON SUPERIOR COURT
The Honorable Sally A. Blankenship, Special Judge
Cause No. 39D01-1008-FC-638

**September 28, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Michael S. Scroggins, II (Scroggins), appeals his sentence following a guilty plea to two Counts of reckless homicide, Class C felonies, Ind. Code § 35-42-1-5, and one Count of criminal recklessness, a Class C felony, I.C. § 35-42-2-2(c)(3)(B).

We affirm.

## ISSUE

Scroggins raises two issues on appeal, which we consolidate and restate as the following single issue:  Whether the trial court properly sentenced Scroggins.

## FACTS AND PROCEDURAL HISTORY

On March 2, 2010, Abby Jackson (Jackson) was traveling in the southbound lane of State Road 7 in Dupont, Indiana, when she observed a green Chevrolet pickup truck swerving at a high rate of speed behind her.  Scroggins and a female passenger were in the pickup truck.  The vehicles had entered a no passing zone, but Jackson moved to the right side of the road to allow Scroggins to pass.  Scroggins drove around her, then abruptly cut back to the right, causing Jackson to apply her brakes to avoid a collision.  Around the same time, Bonnie Ramey-Low (Ramey-Low), Lois Robinson (Robinson), and Cindy Speer (Speer) were traveling northbound on S.R. 7 in Ramey-Low's Jeep Liberty.  As their vehicle crested a small hill, Scroggins' pickup truck appeared in their

2

lane. Ramey-Low swerved to the left to avoid Scroggins, but their vehicles collided head-on.

Police arrived at the accident soon thereafter and found Ramey-Low slumped over the steering wheel. Ramey-Low had died from the accident, but Speer and Robinson survived and were removed from the Jeep. Robinson later died from her injuries and Speer suffered multiple fractures and inner ear damage. Scroggins and his passenger were removed from their vehicle as well, with Scroggins receiving significant injuries to his arms and the lower half of his body.

On August 11, 2010, the State filed an Information charging Scroggins with Counts I and II, reckless homicide, Class C felonies, I.C. § 35-42-1-5; Counts III-V, criminal recklessness, Class C felonies, I.C. § 35-42-2-2(d)(1); Counts VI and VII, criminal recklessness, Class C felonies, I.C. § 35-42-2-2(c)(3)(B); and Count VIII, criminal recklessness, a Class D felony, I.C. § 35-42-2-2(c)(2)(B). On December 20, 2011, Scroggins entered into a plea agreement with the State in which he pled guilty to Counts I, II, and V in exchange for the State's dismissal of Counts III-IV, VI-VIII. The State also agreed to forego the filing of five additional Counts as well as a habitual substance offender allegation. The plea agreement left Scroggins' sentence to the trial court's discretion. On January 10, 2012, the trial court accepted Scroggins' plea agreement and scheduled a sentencing hearing.

On January 20, 2012, the trial court conducted the sentencing hearing. In requesting the maximum sentence for Scroggins, the State argued the following

aggravating factors: the harm suffered by the victims was greater than the elements required to prove the offense; Ramey-Low's age; Scroggins' criminal history, including prior convictions for driving under the influence and other traffic violations; the failure to deter Scroggins in spite of many opportunities for rehabilitation; and Scroggins' substance abuse. Scroggins argued that his prior offenses deserved "medium weight" because they were all misdemeanor convictions. (Sentencing Tr. p. 66). Further, Scroggins asserted that the State benefitted from his guilty plea since he had intended to challenge all facets of the case except for the fact that his vehicle was in Ramey-Low's lane prior to the collision. He added that his ultimate acceptance of the plea agreement was due in part to his remorse. Although finding that Scroggins' guilty plea and his remorse were mitigating factors, the trial court identified the harm suffered by the victims and his criminal history as significant aggravating factors. Concluding that the aggravating factors outweighed the mitigating factors, it sentenced Scroggins to eight years of incarceration on each Count, with the sentences to be served consecutively, for an aggregate sentence of twenty-four years.

Scroggins now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Scroggins contends that the trial court abused its discretion when it imposed three consecutive eight year sentences for his reckless homicide and criminal recklessness convictions, all Class C felonies. A person who commits a Class C felony shall be imprisoned for a fixed term of between two and eight years, with the advisory sentence

4

being four years. I.C. § 35-50-2-6(a). Scroggins received the maximum sentence for each Count.

As long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* Ways in which the trial court may abuse its discretion include: wholly failing to issue a sentencing statement; issuing a sentencing statement that bases a sentence on reasons unsupported by the record, or that includes reasons that are improper as a matter of law. *Phelps v. State*, 914 N.E.2d 283, 290 (Ind. Ct. App. 2009).

Because the trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, a trial court cannot now be said to have abused its discretion by failing to properly weigh such factors. *Anglemyer*, 868 N.E.2d at 491. This is so because once the trial court has entered a sentencing statement, which may or may not include the existence of aggravating and mitigating factors, it may then impose any sentence that is authorized by statute and permitted under the Indiana Constitution. *Id.*

This does not mean that criminal defendants have no recourse in challenging sentences they believe are excessive. *Id.* Although a trial court may have acted within its lawful discretion in determining a sentence, Ind. Appellate Rule 7(B) provides that the

5

appellate court may revise a sentence authorized by statute if it finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Id.* It is on this basis alone that a criminal defendant may now challenge his sentence where the trial court has entered a sentencing statement that includes a reasonably detailed recitation of its reasons for imposing the particular sentence that is supported by the record, and the reasons are not improper as a matter of law. *Id.*

## I. *Aggravating and Mitigating Factors*

### A. *Aggravating Factors*

Scroggins contends that the record does not support the trial court's finding of an aggravating factor and that the trial court improperly considered statutory mitigating factors as aggravating factors. First, he asserts that the aggravating factor – the harm caused was greater than that necessary to prove the commission of the offense – was unsupported since he did not know or intentionally harm his victims and the resulting harm was no greater than that "associated with the death of a family member or loved one in an automobile collision." (Appellant's Br. p. 12).

The nature and circumstances of a crime can be a valid aggravating factor. *Sharkey v. State*, 967 N.E.2d 1074, 1078 (Ind. Ct. App. 2012). However, a trial court must give more than a generalized reference to the nature and circumstances. *Id.* The trial court may assign aggravating weight to the harm, injury, loss or damage suffered by the victim if such harm was significant and greater than the elements necessary to prove the commission of the offense. *Id.* In finding this aggravating factor, the trial court

6

relied on evidence establishing that Speer witnessed the pain and death of fellow passengers Ramey-Low and Robinson. The trial court also relied on letters from community members who described its impact on them.

Speer read aloud her letter recounting events immediately after the accident at the sentencing hearing. She saw that Ramey-Low was "[s]lumped over the steering wheel which was pinned against her chest," and Robinson, who later died, "was bleeding from her chin." (Sentencing Tr. p. 63). The State submitted a letter from an elementary school principal retelling how the victims' families, who were employees and students at the school, were informed of the tragic accident. The foregoing represents much more than a generalized reference to the nature and circumstances and we therefore conclude that the record supports the trial court's finding of this aggravating factor.

Next, Scroggins contends that the trial court improperly used statutory mitigating factors as factors to aggravate his sentence. He points to the sentencing order, which stated that the victims did not induce or facilitate the offense and that Scroggins was unlikely to respond favorably to short term incarceration. The trial court may consider these as mitigating circumstances. However, the sentencing statement contains no pronouncement that the trial court used these to aggravate Scroggins' sentence; it indicates that the trial court simply found these were not mitigating factors. Accordingly, we find no abuse of discretion here.

Moreover, we note that the trial court found two other aggravating factors, namely Ramey-Low's age[1] and Scroggins' extensive criminal history, which included multiple traffic offenses and driving under the influence convictions. One of the offenses involved a crash resulting in an injury. As Scroggins concedes that these are valid aggravating factors, we therefore conclude that sufficient aggravating factors support the maximum sentence imposed by the trial court. Accordingly, Scroggins has not shown that the trial court abused its discretion.

B. *Mitigating Factor*

Scroggins also argues that the trial court did not give sufficient weight to his guilty plea and his remorse. Specifically, Scroggins contends that because his guilty plea was a gesture of remorse and a pragmatic exercise by the State, the trial court abused its discretion by not according them with significant weight. It is well within the trial court's discretion to determine the existence and weight of a mitigating factor. *Phelps v. State*, 914 N.E.2d 283, 291 (Ind. Ct. App. 2009).

While the trial court found that Scroggins' apologies and his guilty plea were mitigating factors, it recognized that "charges were dismissed or not filed in return for the plea." In emphasizing the significance of his guilty plea, Scroggins argues that the only uncontested matter was that he drove on the wrong side of the road, that a number of

---

[1] Although Scroggins concedes that the age of the victim is a valid statutory aggravating factor, he nevertheless contends that the trial court improperly relied upon Ramey-Low's age because he was unaware of it. However, the defendant's knowledge of the victim's age is not necessary for it to qualify as an aggravating factor. *See McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001).

8

Counts filed against him were duplicative and constituted double jeopardy, and that his passenger's testimony presented the only basis for the State's filing of additional charges and a habitual substance offender allegation. Notably, Scroggins does not contend that the trial court failed to identify the foregoing as mitigating factors; rather he merely argues that the trial court did not afford them sufficient weight. However, the relative weight or value assignable to reasons properly found is not subject to review for abuse. *See Anglemyer*, 875 N.E.2d at 221. Consequently, we find no abuse of discretion by the trial court and affirm its imposition of Scroggins' sentence.

## II. *Ind. Appellate Rule 7(B)*

App. Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Scroggins has not met this burden.

With respect to the nature of the offense, we look to the details and circumstances of the commission of the offense and the defendant's participation. *See Washington v. State*, 940 N.E.2d 1220, 1222 (Ind. Ct. App. 2011). Here, Scroggins was driving erratically behind Jackson in a no passing zone at a high rate of speed. Instead of reducing his speed, Scroggins was in the wrong lane and collided head-on with three women returning home from work. Scroggins' acts not only resulted in two victims'

9

deaths, but also in their co-worker witnessing the same. In sum, we find that the nature of the offense supports the sentence imposed by the trial court.

Turning to his character, Scroggins' history of traffic-related offenses, driver's license suspensions, and other crimes cannot be ignored. We agree with the State that this establishes his recklessness and disregard for the safety of others on the highways. Scroggins has been afforded several rehabilitative opportunities to correct his behavior, yet his failure to do so resulted in the tragic loss of two lives and the imposition of life-altering injuries to another. Under these circumstances, we find that Scroggins' sentence is not inappropriate. We affirm the trial court's imposition of an aggregate sentence of twenty-four years.

CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion by sentencing Scroggins.

Affirmed.

BAILEY, J. and CRONE, J. concur