Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 31 2014, 9:54 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW D. ANGLEMEYER**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MARJORIE LAWYER-SMITH**
Special Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RICHARD REEVES, )
)
    Appellant-Defendant, )
)
        vs. )    No. 49A05-1404-CR-151
)
STATE OF INDIANA, )
)
    Appellee-Plaintiff. )

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley Kroh, Magistrate
Cause No. 49G03-1212-FA-082940

**October 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**DARDEN, Senior Judge**

Richard Reeves appeals the forty-year sentence imposed after he was convicted in a bench trial of Class A felony child molesting.

We affirm.

The sole issue for our review is whether the trial court abused its discretion in sentencing Reeves.

In 2012, Jennifer V. (Mother) and her six-year-old daughter, D.V., lived with Reeves in Indianapolis. D.V. called Reeves "dad." Tr. p. 9. One morning while D.V. was home alone with Reeves, Reeves came into D.V.'s bedroom, put his finger in her "crotch" and moved it around. *Id*. at 14. It felt "hurtful," and it burned later when D.V. urinated. *Id.* at 15. Reeves also "put his wiener in [her] butt," and "made [her] put [her] hand on his wiener." *Id.* at 16, 21.

D.V. told her grandmother what had happened. D.V.'s grandmother told Mother, who confronted Reeves and asked him what he had done to her daughter. Reeves initially denied everything and then told Mother "[t]hat the only thing he did do was had [D.V.] touch his dick." *Id*. at 37-38. Mother also contacted the Department of Child Services (DCS), and a forensic interviewer at the Child Advocacy Center interviewed D.V.

Indianapolis Metropolitan Police Department Detective Robert Chappell interviewed Reeves on December 7, 2012. Reeves admitted that he touched D.V.'s vagina and showed her his penis. He also admitted that D.V. touched his penis. The State charged Reeves with two counts of child molesting as Class A felonies and one count of child molesting as a Class C felony.

2

Following a bench trial, the trial court convicted Reeves of child molesting as a Class C felony and took the Class A felony counts under advisement. At a hearing held two days later, the trial court convicted Reeves of one count of Class A felony child molesting and acquitted him of the other. Also at the hearing, defense counsel mentioned that the State had "made [Reeves] an offer" on a Class D felony charge of sexual misconduct with a minor, which involved another victim. *Id*. at 102. Defense counsel stated it was possible this other case would be quickly resolved and the two cases could be combined for sentencing.

At the sentencing hearing, the trial court vacated the class C felony child molesting conviction because of double jeopardy concerns and noted that Reeves had been convicted of Class A felony child molesting in this case and pleaded guilty to Class D felony sexual misconduct with a minor in the other case, and would be sentenced for both offenses. At the hearing, the trial court remarked that "two young ladies and their families are having a very difficult time. As what the Court's heard from the State, one attempted suicide. . . . [Y]our decisions and your behavior have adversely impacted two separate families." *Id*. at 123. The trial court sentenced Reeves to forty years for the Class A felony and sixteen years for the Class D felony, with the sentences to run concurrently for a total executed sentence of forty years. Reeves appeals the sentence for the Class A felony.

A trial court's sentencing order is reviewed on appeal for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs when a decision is clearly against the logic and

effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.*

## I.    Mitigating Factors

Reeves first argues that the trial court erred in failing to find two of his proposed mitigating factors.[1]  Finding the existence of mitigating factors is within the discretion of the trial court. *Beason v. State*, 690 N.E.2d 277, 283 (Ind. 1998).  The sentencing court is not required to place the same value on a mitigating circumstances as does the defendant. *Id.* at 283-84.  A defendant who claims that the trial court failed to identify or find a mitigating factor must establish that the mitigating evidence is both significant and clearly supported by the record. *Anglemyer*, 868 N.E.2d at 493.

Reeves first contends that the trial court erred in failing to consider his cooperation with law enforcement as a mitigating factor.  Specifically, Reeves points out that he gave a two and one-half hour video-taped statement to law enforcement before he was arrested. According to Reeves, he was compliant throughout the interview and never became argumentative, and he remained fully cooperative while he was being arrested and searched.

We, however, agree with the State that although Reeves did not exhibit an aggressive demeanor during his interview, it exaggerates the record to say that he was genuinely cooperative with law enforcement.  For example, he did not forthrightly give his statement to law enforcement until after he was further implicated in the offenses by statements he had made to D.V.'s mother.  We also note that Reeves changed his story

---

[1]We suggest to the trial court that it set forth the mitigating factors advanced for consideration by the defendant.

4

several times during the interview, and although he eventually admitted to some of his behavior after being told that his story did not match what D.V. had reported, he was nonetheless less than forthright about what took place. There is nothing in the record to suggest that his cooperation was anything but pragmatic after Detective Chappell confronted him with his admission to D.V.'s mother and repeatedly encouraged Reeves to help himself by giving his side of the story. *See Harlan v. State*, 971 N.E.2d 163, 171 (Ind. Ct. App. 2012) (explaining trial court did not abuse its discretion in failing to determine Harlan's cooperation with law enforcement was a mitigating factor where he may have chosen to cooperate with the police out of pragmatism). Thus, we find that Reeves' claim that his cooperation with law enforcement rose to the level warranting mitigation is not clearly supported by the record, and the trial court did not abuse its discretion in failing to consider it as a mitigating factor.

Reeves also argues that the trial court failed to consider his suicidal tendencies as a mitigating factor. However, although Reeves made a few vague references to suicide during his police statement,[2] explained in his pre-sentence investigation report that he experienced depression due to family problems, financial problems, and his legal situation and attempted suicide three times before he molested D.V., Reeves has never received any sort of mental health diagnosis or treatment. Further, there was no evidence in the record of the proceedings to suggest that his suicidal tendencies rendered him unable to control

---

[2] Reeves stated that he pulled his pants down to show D.V. his penis because he "was trying to commit suicide at the time . . . ." State's Ex. 2, p. 27. He later stated that he "was sitting there and got to thinking about everything . . . I don't really have shit, so you know I went into my little depression stage." State's Ex. 2, p. 34. Lastly, Reeves explained that he was thinking if he touched D.V., "everybody would just come in here and kill me. You know I had . . . was already suicidal. . . . They'll come in here guns blazing, you know." State's Ex. 2, p. 38.

5

his behavior due to a disorder or impairment or that there was any nexus between the disorder or impairment and the commission of the crime. *See Weeks v. State*, 697 N.E.2d 28, 30 (Ind. 1998) (setting forth factors that bear on the weight to be given to mental illness at sentencing). Rather, during his police statement, Reeves admitted that he "knew [touching D.V.] wasn't right." State's Ex. 2, p. 40. Again, Reeves' claim that his suicidal tendencies rose to the level warranting mitigation is not clearly supported by the record, and the trial court did not abuse its discretion in failing to consider them as a mitigating factor.

## II.     Aggravating Factors

Reeves next argues that the trial court erred in considering the emotional harm to D.V. and the other victim as aggravating factors. The trial court may assign aggravating weight to the harm, injury, loss or damage suffered by the victim if such harm was significant and greater than the elements necessary to prove the commission of the crime. *Filice v. State*, 886 N.E.2d 24, 39 (Ind. Ct. App. 2008), *trans. denied.*

Here, our review of the evidence reveals that D.V.'s mother wrote the trial court a letter detailing the emotional injuries D.V. has suffered as a result of the molestation. Specifically, D.V. struggles with feelings of guilt for "putting [Reeves] in jail," and exhibits substantial anxiety around men as evidenced by her frequent use of the restroom. Tr. p. 111. She also frequently wakes up screaming with nightmares and is "not able to come out of them sometimes." *Id*. at 112. It has been "very difficult for [D.V.] in her everyday life." *Id*. D.V. has agreed to counseling, and her mother is hopeful that she will "be able to live life without fear and anxiety." *Id*. This evidence reveals that based upon the relationship

6

that existed between Reeves and D.V., the emotional harm suffered by D.V. was significant. The trial court did not err in considering the emotional harm to D.V. as an aggravating factor. *See Sharkey v. State,* 967 N.E.2d 1074, 1079 (Ind. Ct. App. 2012) (concluding the harm suffered by the victim was a proper aggravator where a letter from the arresting officer described the effect Sharkey's threats had on himself and the community).

At the sentencing hearing, the trial court also mentioned the harm suffered by the other victim, Y.R., who was Reeves' sister. Reeves appears to believe that the trial court improperly considered the emotional impact to Y.R. as an aggravator when sentencing Reeves for the Class A felony involving D.V. We see no evidence of this. It was defense counsel who suggested this joint sentencing. The trial court would necessarily have had to consider the impact to each victim in sentencing Reeves for the two offenses. The trial court just happened to mention each victim in the same sentence. We find no error.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.