**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEFFREY P. LITTLE**
Power, Little, Little & Little
Frankfort, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHRISTINA D. PACE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| HEATHER L. MCDANIEL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 12A05-1405-CR-223 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE CLINTON SUPERIOR COURT
The Honorable Justin H. Hunter, Judge
Cause No. 12D01-1308-FD-752

**January 20, 2015**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

On August 7, 2013, Appellant-Defendant Heather McDaniel and her co-workers went to a Lebanon bar after work and had several alcoholic drinks. McDaniel had taken Xanax pills earlier in the day and she became extremely intoxicated. While attempting to drive home, McDaniel swerved off the road and struck two children head on. The victims suffered life-threatening injuries and were immediately flown to Indianapolis-area hospitals via medical helicopter. McDaniel pled guilty to two counts of Class D felony causing serious bodily injury while operating a vehicle while intoxicated. The trial court imposed a three year sentence on each count, to be served consecutively, with a total of five years executed at the Department of Correction and one year suspended to probation. McDaniel argues (1) that the trial court abused its discretion in sentencing her, and (2) that her sentence is inappropriate in light of the nature of the offense and character of the offender. We affirm.

**FACTS AND PROCEDURAL HISTORY**

On August 7, 2013, McDaniel worked in Lebanon from approximately 6:50 a.m. until 3:25 p.m. McDaniel had taken a Xanax pill around 6:00 a.m. before leaving for work, and another at lunch, sometime between noon and 1:00 p.m. After leaving work, McDaniel met with co-workers at a Lebanon bar called the Warehouse. McDaniel did not recall exactly how much she drank, although she remembers drinking beer and a banana-flavored mixed drink. McDaniel became intoxicated and attempted to drive home.

On her way home, McDaniel swerved onto the shoulder of the road and struck two children with her vehicle. The children, brother and sister S.D. and M.D., were riding their

2

bikes home at the time. When law enforcement officers arrived at the scene, they observed that McDaniel had an odor of alcohol, slurred speech, glassy and bloodshot eyes, slow manual dexterity, and unsteady balance. Officers could not conduct a field sobriety test on McDaniel because she could not stand on her own. The preliminary blood test indicated that McDaniel had a blood alcohol content (BAC) of 0.21 and a Breathalyzer test indicated a BAC of 0.14. Officers found a pill bottle in McDaniel's glove compartment labeled Nicole Barnes (the daughter of McDaniel's friend and coworker). The bottle was labeled to contain Ciprodex otic suspension but instead contained forty-six Xanax pills. McDaniel admitted that the pills were not hers.

As a result of the accident, M.D and S.D. were transported to Indianapolis-area hospitals via medical helicopter. M.D. was transported to St. Vincent's Hospital where she underwent a ten-hour surgery and blood transfusion to treat her injuries. M.D. had a ripped carotid artery, lacerated spleen, broken wrists, broken legs, compound fractures in her face, eight broken teeth, and was in a coma. S.D. was transported to Riley Hospital where he was treated for a broken wrist, broken hands and fingers, and a broken femur on his growth plate.

As a result of their injuries, the children have had significant long-term damage. Due to the damage to her legs, M.D. has difficulty walking and cannot run, climb stairs, get up by herself, or get on her knees. M.D. had significant scarring on her face and, at the time of the sentencing hearing, was waiting for a plastic surgeon to determine what procedures would be available to repair the facial damage. As a result of the damage to the growth plate in S.D.'s leg, his leg has quit growing, and he will require more surgeries to attempt to repair the

3

damage.  Doctors told S.D. that he will no longer be able to play sports.

The State charged McDaniel with two counts of Class D felony causing serious bodily injury while operating a motor vehicle while intoxicated, two counts of Class D felony causing serious bodily injury when operating a motor vehicle with an ACE of .08 or more, and one count of Class D felony possession of a controlled substance.  McDaniel pled guilty to two counts of Class D felony causing serious bodily injury while operating a vehicle while intoxicated and the remaining charges were dismissed.

At the sentencing hearing, the trial court identified the following aggravating factors: (1) McDaniel has an alcohol-related criminal history[1], (2) McDaniel did not respond to the leniency of prior courts in sentencing, (3) the degree of McDaniel's intoxication and recklessness was severe, and (4) the victims suffered "horrific injuries" which far exceeded the elements necessary to prove the crime. Tr. 103.  As mitigating factors, the court found (1) McDaniel pled guilty, (2) sought out counseling on her own, and (3) is remorseful.  The trial court imposed a three-year sentence for each count, to be served consecutively, with a total of five years executed and one year suspended to probation.

## DISCUSSION AND DECISION

McDaniel claims that the trial court abused its discretion in crafting her sentence and that the sentence is inappropriate in light of the nature of the offense and character of the offender.

### I.  Abuse of Discretion

4

As long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *aff'd on reh'g*, 875 N.E.2d 218 (Ind. 2007). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* One way in which a trial court may abuse its discretion is by failing to enter a sentencing statement at all. *Id.* Another example includes entering a sentencing statement that explains reasons for imposing a sentence, including aggravating and mitigating factors, which are not supported by the record. *Id.* at 490-91.

Because the trial court no longer has any obligation to weigh aggravating and mitigating factors against each other when imposing a sentence, a trial court cannot now be said to have abused its discretion by failing to properly weigh such factors. *Id.* at 491.

*Sharkey v. State*, 967 N.E.2d 1074, 1078 (Ind. Ct. App. 2012).

McDaniel contends that the trial court abused its discretion in crafting her sentence by (1) using an element of the charged offense as an aggravating factor, (2) failing to provide a proper sentencing statement which explained the aggravating and mitigating factors, (3) using her previous alcohol related offenses as aggravators, and (4) not allocating enough weight to the given mitigating factors[2].

*A. Use of an Element of the Crime as an Aggravator*

McDaniel claims that the trial court abused its discretion by considering the extent of the victims' injuries as an aggravator. Indiana Code section 35-38-1-7.1 states

(a) In determining what sentence to impose for a crime, the court may consider the following aggravating circumstances:
(1) The harm, injury, loss, or damage suffered by the victim of an offense was:

---

[1] In 2000, McDaniel was convicted of operating while intoxicated, and in 2011, she was convicted of public intoxication.

[2] We do not address this final argument as it is not a cognizable claim on appeal. As mentioned in Section I, "a trial court cannot now be said to have abused its discretion by failing to properly weigh [aggravating and mitigating] factors." *Anglemyer*, 868 N.E.2d at 491.

(A) significant; and
(B) greater than the elements necessary to prove the commission of the offense.

According to the statute, consideration of the victims' injuries as an aggravator was permitted in this case. As discussed above, the children suffered life-threatening, permanent injuries which far exceeded the necessary elements of the crime. The elements of causing serious bodily injury when operating a motor vehicle while intoxicated are: (1) a person causes serious bodily injury to another, (2) while operating a vehicle, (3) with a BAC of at least 0.08. Ind. Code § 9-30-5-4. "'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes: (1) serious permanent disfigurement, (2) unconsciousness; (3) extreme pain; (4) permanent or protracted loss or impairment of the function of a bodily member or organ; or (5) loss of a fetus." Ind. Code § 35-31.5-2-292. The victims' injuries were grave enough to meet every condition listed in Section 35-31.5-2-292, with the exception of (5). Clearly, these injuries are greater than the elements necessary to prove the commission of the offense, and so the trial court did not abuse its discretion in considering them as aggravating factors.

## B. Sentencing Statement

McDaniel claims that the trial court failed to provide a proper sentencing statement. The trial court's sentencing statement must "include a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. If the recitation includes a finding of aggravating or mitigating circumstances, then the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been

determined to be mitigating or aggravating." *Anglemyer*, 868 N.E.2d at 491.

McDaniel argues that the trial court erred when it failed to explain why it found certain factors to be mitigating. Specifically, McDaniel argues that the trial court should have explained why it found the following factors mitigating: that McDaniel pled guilty, that she was remorseful and accepted responsibility for her crimes, and that she sought out counseling without court order before pleading guilty. The mitigating nature of these circumstances is patently obvious and requires no explanation. *See Francis v. State*, 817 N.E.2d 235, 237 n. 2 (Ind. 2004) ("a sentencing court is inherently aware of the fact that a guilty plea is a mitigating circumstance"). In such cases, it is not necessary for the trial court to explain the reasons for finding a particular factor mitigating.

*C. Using Previous Convictions as Aggravators*

McDaniel argues that it was inappropriate for the trial court to use her prior record as an aggravator. Indiana Code section 35-38-1-7.1 provides as follows: "In determining what sentence to impose for a crime, the court may consider the following aggravating circumstances: … The person has a history of criminal or delinquent behavior." Section 35-38-1-7.1 also states that the court *may* consider as a mitigating factor that "[t]he person has no history of delinquency or criminal activity, or the person has led a law-abiding life for a substantial period before commission of the crime."

McDaniel argues that she has led a law-abiding life for a substantial period of time. The trial court addressed this argument in its sentencing statement. Although McDaniel's previous conviction for operating while intoxicated occurred nearly thirteen years prior to

7

this case, the trial court found that her conviction for public intoxication in 2011 indicated that there had been no change in McDaniel's attitude, character, or desire to behave any differently. As such, McDaniel is essentially arguing that the trial court did not properly weigh the aggravating and mitigating factors. As we mentioned above, this is not a cognizable claim on appeal. *Anglemyer*, 868 N.E.2d at 491.

## II. Appropriateness of Sentence

"Ind. Appellate Rule 7(B) empowers us to independently review and revise sentences authorized by statute if, after due consideration, we find the trial court's decision inappropriate in light of the nature of the offense and the character of the offender." *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013) *trans. denied*. "An appellant bears the burden of showing both prongs of the inquiry favor revision of her sentence. *Id*. (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)).

In *Anderson*, we found that the appellant waived her Rule 7(B) argument because she argued on appeal "only the 'character' prong and not the 'nature of the offense' prong." *Id*. McDaniel only argues that her sentence was inappropriate based on her character and has made no arguments as to the nature of the offense. As such, she has waived any argument in this regard.

Waiver notwithstanding, McDaniel's argument still fails. In reviewing the first prong of the appropriateness inquiry, McDaniel's conduct was nothing short of egregious and clearly exceeds the elements of the charged offense. The degree of McDaniel's intoxication makes her decision to drive exceptionally reckless. Based on the two blood alcohol tests, her

8

BAC was somewhere between 0.14 and 0.21, roughly two or two-and-a-half times the legal limit. Furthermore, she chose to drink alcohol knowing she had taken at least two Xanax pills earlier in the day. As a result, McDaniel was so intoxicated she could not stand on her own while officers were questioning her, she did not know she was intoxicated until she "woke up in jail," and she did not remember driving her car or the accident. Tr. 63. In addition, the extent of the injuries suffered by the victims far exceeds the minimum necessary to establish the serious bodily injury element of the crime. The children have suffered permanent, life-altering injuries, both physical and psychological. Considering the severity of their injuries, it is nothing short of a miracle that both are alive. In light of these facts, McDaniel's conduct undoubtedly justified an enhanced sentence.

As for her character, McDaniel had two prior convictions for alcohol-related offenses. McDaniel admitted to having an alcohol dependency and yet, even in light of the problems it caused, she did nothing to change her pattern of reckless behavior. Instead, she allowed the problem to escalate to the point at which she endangered others and ultimately, and tragically, injured two children. Accordingly, we have found nothing to suggest that McDaniel's sentence is inappropriate based on the nature of her offense or character.

The judgment of the trial court is affirmed.

NAJAM, J., and MATHIAS, J., concur.