## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 26 2016, 5:53 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Laura Paul<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Chandra K. Hein<br>Deputy Attorney General of Indiana<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John A. Thompson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | January 26, 2016<br><br>Court of Appeals Case No.<br>84A01-1508-CR-1294<br><br>Appeal from the Vigo Superior Court<br><br>The Honorable John T. Roach, Judge<br><br>Trial Court Cause No.<br>84D01-1409-FA-2419 |

**Bradford, Judge.**

## Case Summary

[1] On July 28, 2015, Appellant-Defendant John A. Thompson pled guilty to one count of Class A felony child molesting. In exchange for Thompson's guilty plea, Appellee-Plaintiff the State of Indiana (the "State") agreed to dismiss ten charges, including nine other felony child molesting or attempted child molesting charges, and to cap Thompson's sentence at no more than a term of thirty-five years. The trial court accepted Thompson's guilty plea and sentenced Thompson to a term of thirty years.

[2] On appeal, Thompson challenges his sentence, arguing that the trial court abused its discretion in sentencing him. Specifically, Thompson argues that the trial court abused its discretion by considering an inappropriate aggravating factor. Finding no abuse of discretion by the trial court, we affirm.

# Facts and Procedural History

[3] The factual basis entered during the July 28, 2015 guilty plea hearing provides that between May 1, 2013 and June 30, 2014, Thompson, who was at least twenty-one years old, "did then and there knowingly or intentionally perform or submit to deviate sexual conduct, to-wit: An act involving the sex organ of one person and the mouth or anus of another person" with his step-daughter, J.M., "a person under fourteen (14) years of age, to-wit: Ages nine to ten, in violation of the Indiana Code." Tr. p. 8.

[4] On September 11, 2014, the State charged Thompson with three counts of Class A felony child molesting, one count of Class C felony child molesting, three

counts of Level 1 felony child molesting, one count of Level 1 felony attempted child molesting, two counts of Level 4 felony child molesting, and one count of Class B misdemeanor false informing. On July 28, 2015, Thompson pled guilty to one count of Class A felony child molesting. In exchange for Thompson's guilty plea, the State agreed to dismiss the remaining charges. The parties also agreed that Thompson's sentence would be capped at thirty-five years. The trial court accepted Thompson's guilty plea and sentenced him to a term of thirty years. This appeal follows.

# Discussion and Decision

Thompson challenges his sentence on appeal, claiming that the trial court abused its discretion in sentencing him. Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id*. (quotation omitted).

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration,

or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id*. at 490-91.

In claiming that the trial court abused its discretion in sentencing him, Thompson argues that the trial court relied on an improper aggravating factor. Specifically, Thompson asserts that the aggravator in question, that the harm caused was greater than that necessary to prove the commission of the offense, was a mere generalized reference to the nature and circumstances of the offense without any evidence to reflect that J.H. actually suffered greater harm than the elements necessary to prove the commission of the offense.

> [The Indiana Supreme Court] has held that the nature and circumstances of a crime can be a valid aggravating factor. *McCann v. State*, 749 N.E.2d 1116, 1120 (Ind. 2001). However, a trial court must give more than a generalized reference to the nature and circumstances. *Smith v. State*, 872 N.E.2d 169, 179 (Ind. Ct. App. 2007), *trans. denied*. The trial court may assign aggravating weight to the harm, injury, loss or damage suffered by the victim if such harm was significant and greater than the elements necessary to prove the commission of the offense. *Filice v. State*, 886 N.E.2d 24, 39 (Ind. Ct. App. 2008), *trans. denied*.

*Sharkey v. State*, 967 N.E.2d 1074, 1078 (Ind. Ct. App. 2012).

In finding that the harm caused was greater than that necessary to prove the commission of the offense was an aggravating factor, the trial court referenced

the letters submitted to the court from J.H. and J.H.'s mother. In these letters, J.H.'s mother described the changes that she has observed in J.H. as a result of Thompson's abuse. J.H.'s mother described that before the abuse began, J.H. was a good student who did not get into trouble. However, J.H.'s mother indicated that after the abuse began, J.H. stopped acting like a child; started getting into trouble, both at home and at school; engaged in self-destructive behaviors such as cutting herself, sneaking out, and running away; and even started menstruating at the young age of nine. J.H.'s mother further indicated that J.H. has been bullied by both children and adults as a result of the abuse she suffered.

[9] J.H.'s letter echoed the harm she suffered that was detailed in her mother's letter to the trial court. J.H.'s letter also indicated that Thompson threatened to hurt J.H.'s baby brother if J.H. told her mother of the abuse. While the trial court's oral sentencing statement did not explicitly list the harm done to J.H. that was outlined in the letters submitted by J.H. and her mother, it is clear from the record that the trial court's finding was based on these letters. We conclude that the trial court properly found the fact that J.H. suffered significant harm that was greater than the elements necessary to prove the commission of the offense to be an aggravating factor. As such, we further conclude that the trial court did not abuse its discretion in sentencing Thompson.

[10] Moreover, even if it were improper for the trial court to consider this aggravating factor, such consideration would be harmless as we can say with confidence that the trial court would have imposed the same sentence had it

properly considered reasons that enjoyed support in the record. In imposing the advisory thirty-year sentence, the trial court found three other aggravating factors: (1) Thompson had a prior criminal history, (2) Thompson had recently committed a probation violation, and (3) in committing his criminal acts, Thompson violated a position of trust. Thompson does not challenge any of these additional aggravating factors on appeal. The trial court also considered as a mitigating factor that by accepting responsibility for his actions and pleading guilty, Thompson saved J.H. from having to relive the abuse by testifying at trial. The trial court noted, however, that Thompson also received substantial benefit from his decision to accept responsibility and plead guilty, as the State agreed to dismiss ten other charges, nine of which were felony child molestation charges.

[11] In light of the unchallenged aggravating and mitigating factors found by the trial court, we are confident that the trial court would have imposed the same sentence even if it had not considered the challenged aggravating factor. As such, we need not remand for re-sentencing. *See Edrington v. State*, 909 N.E.2d 1093, 1101 (Ind. Ct. App. 2009) (providing that we need not remand for re-sentencing when we can say with confidence that the trial court would have imposed the same sentence even if it had not considered the improper aggravator).

[12] The judgment of the trial court is affirmed.

Baker, J., and Pyle, J., concur.