## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 20 2016, 9:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Megan Shipley
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Richard C. Webster
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Antonio Scott,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

April 20, 2016

Court of Appeals Case No.
49A02-1510-CR-1562

Appeal from the Marion County
Superior Court

The Honorable Lisa F. Borges,
Judge
The Honorable Anne M.
Flannelly, Magistrate

Trial Court Cause No.
49G04-1502-F4-6949

**Bradford, Judge.**

# Case Summary

[1]   On February 26, 2015, Appellant-Defendant Antonio Scott burglarized an Indianapolis home. Scott was convicted of Level 4 felony burglary and found to be a habitual offender. The trial court sentenced Scott to an aggregate thirty-two-year term of incarceration, the maximum permissible sentence. Scott appeals his sentence, arguing that (1) the trial court erred by failing to consider his remorse as a mitigating factor, and (2) his sentence is inappropriate in light of the nature of his offense and his character. We affirm Scott's sentence.

# Facts and Procedural History

[2]   On February 26, 2015, at approximately 12:40 p.m., Scott approached Maria Hernandez Solis's home and knocked on the side door of the house. Maria and her two-year-old son were inside taking a nap. After hearing the knocking, Maria awoke and looked out the window but did not see anyone. Scott knocked two more times before Maria finally saw him outside the door talking on a cell phone. After knocking a third time, Scott broke into the house by kicking in a basement window. Maria locked herself in the bedroom and called 911.

[3]   Indianapolis Metropolitan Police Officers Sally Kirkpatrick and Fred Hamer arrived at Maria's house a few minutes later. Maria left the bedroom to let the officers in the house and, after a short search, they located Scott attempting to flee. Scott complied with Officer Hamer's order to stop and was immediately

arrested. Officer Kirkpatrick searched Scott and found a Samsung tablet in his pocket. The tablet was later identified as belonging to Seth Ayllon, a fourteen-year-old relative of Maria's who also lived at the house.

[4] Scott was charged with Level 4 felony burglary, Class A misdemeanor theft, Class B misdemeanor criminal mischief, and was alleged to be a habitual offender. Trial was held on September 3, 2015, and the jury found Scott guilty as charged. Scott waived his right to a jury trial on the habitual offender allegation and the trial court found that Scott was a habitual offender. The trial court merged the three convictions and sentenced Scott to twelve years for burglary enhanced by twenty years by virtue of his status as a habitual offender.

# Discussion and Decision

[5] On appeal, Scott claims that (1) the trial court abused its discretion during sentencing for failing to consider Scott's remorse as a mitigating factor, and (2) that his sentence is inappropriate in light of the nature of his offense and his character.

# I. Abuse of Discretion

[6] "[S]entencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion." *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007) *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is 'clearly against the logic and effect of the facts and circumstances before the court, or the reasonable,

probable, and actual deductions to be drawn therefrom.'" *Id*. (quoting *K.S. v. State*, 849 N.E.2d 538, 544 (Ind. 2006)).

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence—including a finding of aggravating and mitigating factors if any—but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law.

*Id*. at 490-91.

Scott claims that the trial court abused its discretion for failing to consider Scott's remorse to be a mitigating factor. "An allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record." *Id*. at 493 (citing *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999)). However, the trial court is not required to explain why it has declined to recognize a particular factor as mitigating. *Id*.

In *Sharkey v. State*, the defendant argued that the court abused its discretion by failing to acknowledge his remorse as a mitigating factor. 967 N.E.2d 1074, 1079 (Ind. Ct. App. 2012). The trial court in that case did not specifically address why it declined to recognize defendant's remorse as a significant mitigating factor. *Id* at 1077. On appeal, we addressed defendant's argument as follows:

We recognize that substantial deference must be given to a trial court's evaluation of remorse. *Allen v. State*, 875 N.E.2d 783, 788 (Ind. Ct. App. 2007). "Remorse, or lack thereof, by a defendant is something better guarded by a trial judge who views and hears a defendant's apology and demeanor first hand and determines the defendant's credibility." *Phelps v. State*, 914 N.E.2d 283, 293 (Ind. Ct. App. 2009). Therefore, we are unable to conclude that the trial court abused its discretion when it determined that Sharkey's remorse was not a significant mitigator.

*Id*. at 1079.

[9] As in *Sharkey*, the trial court here did not specifically address why it did not find Scott's remorse to be a significant mitigating factor, nor was it required to. *Anglemyer*, 868 N.E.2d at 493. The trial court either determined that Scott's remorse was insincere or that it was not significant enough to merit consideration. In either case, it was within its discretion to do so.

# II. Appropriateness of Sentence

[10] "Ind. Appellate Rule 7(B) empowers us to independently review and revise sentences authorized by statute if, after due consideration, we find the trial court's decision inappropriate in light of the nature of the offense and the character of the offender." *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. "An appellant bears the burden of showing both prongs of the inquiry favor revision of [his] sentence." *Id*. (citing *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006)). "We must give 'deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the

unique perspective a trial court brings to its sentencing decisions.'" *Gil v. State*, 988 N.E.2d 1231, 1237 (Ind. Ct. App. 2013) (quoting *Trainor v. State*, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), *trans. denied*.).

[11] Scott's character is evidenced by his criminal history, which began over thirty years ago. Scott had three juvenile adjudications for crimes which would have been Class D felonies had he been an adult. As an adult, Scott has amassed six prior misdemeanor and eight prior felony convictions, including two burglary convictions. Additionally, Scott has had his probation revoked on five separate occasions. In short, Scott's criminal history reveals that he is unwilling or unable to reform. Scott testified that he has struggled with a severe crack-cocaine addiction for years, it has fueled much of his criminal activity, and he was high during the commission of the instant crime. While we sympathize with the seemingly debilitating nature of Scott's drug addiction, we also recognize that he has had countless chances to reform his behavior and his attempts at substance abuse treatment were unsuccessful. As such, Scott's character certainly merits an enhanced sentence.

[12] Scott argues that the nature of his crime was far from egregious and did not warrant the maximum sentence. Specifically, he points to the facts that he believed there was no one in the house when he broke in, he did not threaten or use violence, and he immediately surrendered to police. While Scott may have believed the house to be empty, that was not the case. A pregnant woman and her two-year-old child were inside, locked in the bedroom afraid for their lives. In a letter to the prosecutor, Maria indicated that she did not want to testify due

to the overwhelming "fear, anxiety, and paranoia" she has suffered since the burglary. State's Sentencing Ex. 1. Accordingly, we find that Scott has failed to show that either the nature of the offense or his character favor revision of this sentence.

[13] The judgment of the trial court is affirmed.

Bailey, J., and Altice, J., concur.