ATTORNEYS FOR APPELLANT
Susan K. Carpenter
Public Defender of Indiana

Gregory L. Lewis
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Matthew D. Fisher
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 20S00-0405-CR-235

DAVID F. LOSCH,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Elkhart Circuit Court, No. 20C01-0212-MR-162
The Honorable Terry C. Shewmaker, Judge

On Direct Appeal

**September 29, 2005**

**Boehm, Justice.**

David Losch pleaded guilty to the murder of his sister-in-law.  He committed the murder by dismembering the victim, which rendered him eligible for life without parole.  The trial court found certain mitigating factors, but held that they failed to outweigh the single aggravating factor of dismemberment.  The sole issue in this case is the appropriateness of the sentence of life without parole.  We affirm.

**Factual and Procedural Background**

In the afternoon of December 23, 2002, David Losch left his home and drove to the home of his sister-in-law, Lindsay Losch. When he arrived, Lindsay invited Losch inside and offered him a cigarette. Losch responded by lunging at her and attempting to cut her throat with a small knife he had brought from home. When the knife bent, Losch proceeded to choke Lindsay into unconsciousness. Perceiving that Lindsay was still alive, Losch attempted to break her neck. Although he partially succeeded in this, he found that she had survived this attack as well. He then went into the kitchen, retrieved a butcher's knife, and severed Lindsay's head. After decapitating Lindsay, Losch retrieved another knife from the kitchen and stabbed the body in the chest three times, leaving the knife embedded. Losch then washed his hands in Lindsay's sink and called the police to report that he had just murdered a woman. In interviews with the police, Losch admitted that he went to Lindsay's home with the thought of killing her and recounted in detail the events described above.

The state charged Losch with murder and sought the death penalty. Losch then pleaded guilty under an agreement calling for a sentence from sixty-five years to life without parole. At sentencing, the trial court found that the state proved dismemberment, which is one of the aggravating circumstances rendering a person eligible for the death penalty or life without parole. The trial court found several mitigating circumstances but held that they were outweighed by the single aggravating circumstance of dismemberment and imposed life without parole, as recommended by the state. This direct appeal followed.

**The Weighing of Aggravating and Mitigating Circumstances**

The sole issue raised on appeal is whether the trial court gave the proper weight to the mitigating factors that it found to exist in this case. Losch does not argue that the trial court failed to find mitigating factors that were established by the record. Nor does he contest the finding of the single aggravating factor, dismemberment, which rendered him eligible for the sentence of life without parole. Losch's sole argument is that that the trial court committed error in failing to find that the mitigating factors outweighed the aggravating factor. He contends that a proper weighing of the mitigating factors would have produced a sentence of sixty-five years.

2

The statute governing both life without parole and the death penalty requires that "(l) the state has proved beyond a reasonable doubt that at least one (1) of the aggravating circumstances listed in subsection (b) exists; and (2) any mitigating circumstances that exist are outweighed by the aggravating circumstance or circumstances." Ind. Code § 35-50-2-9(l) (2004). The defendant has a constitutional right to a jury trial on the issue of the existence of a statutory aggravator. Ring v. Arizona, 536 U.S. 584, 609 (2002); Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); Ritchie v. State, 809 N.E.2d 258, 265 (Ind. 2004). A defendant may, however, waive his right to a jury trial and authorize a judge to act as the fact finder. Leone v. State, 797 N.E.2d 743, 750 (Ind. 2003). In this case, Losch did that. The trial court found that the state proved the existence of the aggravating circumstance of dismemberment beyond a reasonable doubt. Losch does not challenge this finding.

The trial court found that Losch had established more than thirty mitigating circumstances. In general, these were based on Losch's mental illness and his generally good deportment prior to the crime. There were, however, issues as to both categories of mitigators and the trial court concluded that these mitigating circumstances, taken as a whole, failed to outweigh the single aggravating circumstance of dismemberment.

Losch argues that the trial court's weighing of these circumstances was erroneous. We give great deference to a court's determination of the proper weight to assign to aggravating and mitigating circumstances, and the appropriateness of a sentence, which is in the court's discretion. Leone v. State, 797 N.E.2d at 748. We will set aside the court's weighing only upon the showing of a manifest abuse of discretion. Id. Unlike the existence of aggravating circumstances, which must be proven beyond a reasonable doubt, the weighing of aggravators against mitigators is not required to be proved beyond a reasonable doubt. Ritchie, 809 N.E.2d at 265, 268. In Bivins v. State, 642 N.E.2d 928, 946 (Ind. 1994), we concluded, as a matter of state law, that the weighing of aggravators against mitigators was a balancing process, not a factual determination subject to a reasonable doubt standard. Ritchie held that Apprendi and its progeny did not change this conclusion: "[the weighing process] is an exercise in judgment that is not capable of evaluation beyond a reasonable doubt, and our statute properly omits any standard by which it is to be measured." Ritchie, 809 N.E.2d at 268.

Because of the seriousness of the potential sentence under our capital statute, we require that the sentencing judge articulate the reasons behind the sentencing determination more completely than we require in other cases. "The trial court's statement of reasons (i) must identify each mitigating and aggravating circumstance found, (ii) must include the specific facts and reasons which lead the court to find the existence of each such circumstance, (iii) must articulate that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence, and (iv) must set forth the trial court's own conclusion that the sentence is appropriate punishment for this offender and the crime." Leone v. State, 797 N.E.2d at 748. The trial court's careful sentencing order met this standard and Losch does not contend otherwise.

Judge Shewmaker gave a detailed appraisal of each mitigating circumstance as he balanced them against the one aggravator. Although he found that the defendant's lack of any adult criminal convictions, standing alone, would be a substantial mitigating factor, he concluded that it should be given only minimal weight when considered in the light of other factors. The court concluded that Losch's continuous use of marijuana since age 13 and the fact that he stole money from his family indicated his contempt for the laws of the state and lessened the weight of his lack of an adult criminal record as a mitigating fact.

Judge Shewmaker also found that Losch suffered from an impaired mental condition. Twelve mitigating circumstances existed that bore upon Losch's mental or emotional disturbance at the time of the murder and his capacity to appreciate the criminality of his conduct or conform his behavior to the requirements of law. Judge Shewmaker found that these mitigating circumstances existed and would be accorded substantial weight if viewed in isolation, but were entitled to only minimal weight in the light of all the circumstances. The considerations reducing the weight of these mitigators included: (1) no credible testimony clearly linked any of the mitigating circumstances to the acts performed in the commission of the crime; (2) Losch's mental state at the time of the crime could not be determined; (3) each of Losch's parents indicated they would have committed Losch to a mental facility if they believed he was a danger; their failure to do so suggested he was not suffering from debilitating mental conditions on the date of the crime; (4) Losch himself stated he was still in his right mind when committing the murder and no credible evidence suggested that he suffered from a mental impairment; (5) Losch was able to function on a daily basis unhampered by debilitating mental conditions; (6) Losch accepted full

4

and complete responsibility for his commission of the offense of murder by entering a plea of guilty (he did not enter a plea of guilty but mentally ill); (7) Losch's mental condition could well have been self-induced since he used marijuana and would not regularly take medicine prescribed for him; and (8) in his video statement made within hours after the murder, Losch articulately described the crime and his behavior indicated that he was in control of his thought processes and was oriented as to time and place. The court concluded that these eight aspects of the mitigating circumstances substantially lessened the weight of the mitigators relating to Losch's mental condition.

Finally, the court found that a number of additional mitigating factors were proved beyond a reasonable doubt. These included the fact that the defendant was unlikely to commit another crime, was only 21 years old when the crime was committed, was generally kind and considerate toward others, and was active in his church. The trial court concluded that these additional mitigating circumstances should be given only minimal weight. Among the reasons given by the court for this conclusion was the fact that the mitigators were based on events and actions that were remote in time from the date of the murder. Moreover, these observations of friends of the defendant were contradicted by Losch's actual behavior, and failed to explain or excuse his actions. We conclude that Judge Shewmaker's balancing of these considerations on this record was well within his discretion.

**Conclusion**

The judgment of the trial court is affirmed.

Shepard, C.J., and Dickson, and Sullivan, J.J., concur.

Rucker, J., concurs in result.