ATTORNEY FOR APPELLANT
Patricia Caress McMath
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

---

# In the
# Indiana Supreme Court

No. 52S02-0604-CR-153

WILLIAM E. HUNTER,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Miami Circuit Court, No. 52C01-0403-FC-0066
The Honorable Rosemary Higgins Burke, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 52A02-0508-CR-760

**September 26, 2006**

**Boehm, Justice.**

William E. Hunter was incarcerated in the Miami County Jail as a result of a burglary conviction. Hunter was a "trustee" in the jail, and as such performed cleaning and maintenance tasks without direct supervision by jail officials. On the evening of March 26, 2004, while working a night cleaning detail, he looked through a window in an exterior door of the jail to "the little courtyard where you smoke outside" and saw an ashtray containing some cigarette butts. Seizing the opportunity, Hunter opened the door and smoked the butts in the courtyard. When he attempted to reenter the jail, he found the door had locked. He then realized that he could walk

away, and he did. The jail has since amended its policy that allowed trustees to clean unsecured areas of the jail at night. In the meantime, a warrant was issued for Hunter's arrest. On June 4, 2006, Hunter contacted his lawyer and subsequently voluntarily turned himself in.

Hunter was charged and convicted of escape, a class C felony. At the sentencing hearing, the trial court found no mitigating circumstances, identified Hunter's "prior criminal history" as an aggravating circumstance, and sentenced Hunter to the maximum term of eight years to be served consecutive to his burglary sentence. The Court of Appeals affirmed Hunter's conviction and sentence in an unpublished opinion. We granted transfer. Hunter v. State, No. 52S02-0604-CR-153, 2006 Ind. LEXIS 325 (Ind. Apr. 27, 2006).

In sentencing the trial judge stated:

> The way I look at this is that while Mr. Hunter had no other prior felony convictions prior to the burglary, when he was sentenced on the Burglary he had one, two, three felonies dismissed and two misdemeanors dismissed as a result of the Plea Agreement and he has been involved in the Criminal Justice system consistently since 1997. Just hasn't been a time when William Hunter has not been on somebody's calendar for some criminal activity . . . I'm going to sentence you to 4 years and increase the sentence to eight years for aggravating circumstances. Finding that your prior criminal history permits the aggravation of the sentence.

Hunter argues that this sentence violated his Sixth Amendment rights under Blakely v. Washington, 542 U.S. 296 (2004) because the trial court improperly enhanced his sentence based on an aggravator that was required to be found by a jury. Specifically, Hunter claims that as part of his "criminal history" the trial court improperly considered prior dismissed criminal charges to enhance his sentence.

The Sixth Amendment requires that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury" but permits a sentencing court to consider "the fact of a prior conviction." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000); Smith v. State, 825 N.E.2d 783 (Ind. 2005). Accordingly, consistent with the Sixth Amendment, the trial court could have found that Hunter's prior convictions were an aggravating circumstance, but prior dismissed charges were not a permissible factor. The trial court's sentencing statement suggests that the court may have considered dismissed charges as part of Hunter's prior "criminal history" that constituted the sole aggravating circumstance justifying his

2

enhanced sentence. We need not address that issue because we conclude that we should exercise our authority under Article VII, Sections 4 and 6 of the Indiana Constitution and Indiana Appellate Rule 7(B) to revise the sentence to the presumptive (now advisory) four years.

Although appellate courts are reluctant to substitute their judgment for that of the trial court in sentencing, we are to review sentences to ensure they are not "inappropriate in light of the nature of the offense and the character of the offender." App. R. 7(B); Serino v. State, 798 N.E.2d 852, 856 (Ind. 2003). Hunter argues that his enhanced sentence was inappropriate because he had only one prior felony conviction and because his escape was not premeditated and did not endanger persons or property. Citing Buchanan v. State, 767 N.E.2d 967, 973 (Ind. 2002), Hunter argues that the maximum permissible sentence should be reserved for the "worst offenses and offenders."

Hunter left the Miami County jail approximately one week after he was sentenced to a term of years for the burglary conviction. There is no evidence that he had a premeditated plan of escape. His escape did not endanger life or property. Rather he simply walked away when he inadvertently found himself locked out of the jail. This is surely the least noxious of escapes. Another mitigating consideration is that Hunter turned himself in two months later. The "nature of the offense" therefore justifies a presumptive sentence or less.

Hunter's criminal record is the only factor cited as bearing on the character of the offender. The only appropriate aggravating circumstance considered by the trial court was Hunter's history of prior criminal convictions, which included four misdemeanors—theft, false informing, resisting law enforcement, and driving while suspended. The record does not include the facts of these offenses, all of which occurred more than a year before Hunter's unscheduled departure from the Miami County jail. Hunter also had one prior felony conviction—the burglary that led to his incarceration and escape. Given that most inmates charged with escape will have a prior conviction, a prior record is not a particularly significant aggravating circumstance as to the crime. Indeed, although some escapes occur before a conviction, a prior conviction approaches an element of the offense of escape and therefore is of minimal weight. Hunter's presumptive sentence was doubled from four to eight years based on unrelated and relatively insig-

3

nificant prior convictions.  We conclude that neither the nature of the offense nor the character of the offender supports an enhanced sentence.

## Conclusion

Hunter's sentence is revised to a term of four years.  We summarily affirm on all issues not addressed in this opinion.  Ind. Appellate Rule 58(A)(2).

Shepard, C.J., and Dickson, Sullivan, and Rucker, JJ., concur.