ATTORNEY FOR APPELLANT
Gregory Paul Kauffman
South Bend, Indiana

ATTORNEYS FOR APPELLEE
Steve Carter
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 20S00-0509-CR-412

FRANKIE SALYERS,

*Appellant (Defendant below),*

v.

STATE OF INDIANA,

*Appellee (Plaintiff below).*

Appeal from the Elkhart Circuit Court, No. 20C01-9812-CF-82
The Honorable Terry C. Shewmaker, Judge

On Direct Appeal

**March 13, 2007**

**Boehm, Justice,**

Frankie Allen Salyers pleaded guilty but mentally ill to the charge of murder for the killing of Goshen City Police Officer Thomas Goodwin. The trial court sentenced Salyers to life without parole. We affirm.

## Facts and Procedural History

Goshen City Police Officer Thomas Goodwin was among the police officers who responded to a call reporting shots fired at a mobile home park on the morning of December 11, 1998. As the officers were securing the scene, a shot rang out, and Goodwin fell to the ground. Goodwin was taken to a hospital where he was pronounced dead as a result of a gunshot wound to the head.

Frankie Allen Salyers lived in the area where the shootings occurred and was identified as a suspect. Salyers was taken into custody and advised of his rights. He subsequently gave a voluntary statement in which he admitted that he possessed an SKS rifle; that he fired the rifle on December 11, 1998 at a police officer; that he was intending to kill the officer; and that he knew he hit the officer because he saw the officer fall. Three days after Officer Goodwin was shot, the State charged Salyers with murder.

The State requested a sentence of death or life imprisonment without parole. A competency hearing was held, and the trial court found that Salyers was not competent to stand trial. Over the next few months, the Logansport State Hospital filed three reports with the trial court, each indicating that Salyers remained not competent to stand trial.

Over four years later, the Logansport State Hospital filed two reports with the trial court stating that Salyers was competent to stand trial. Salyers stipulated that he was competent to stand trial, and after a hearing the trial court so found. On January 14, 2005, Salyers pleaded guilty but mentally ill to the charge of murder. The terms of the plea agreement provided that the State would withdraw its request for the death penalty, dismiss any other pending charges arising from this incident, and refrain from filing any additional charges. The plea was an "open" one, leaving the parties free to argue the length of Salyers's sentence. The trial court sentenced Salyers to life imprisonment without parole. Salyers appealed, arguing that the trial court's sentencing order was inadequate. We directed the trial court to enter a new sentencing order, and the trial court filed a revised sentencing order that explained in more detail the reasons for the sentence imposed. Salyers then filed a supplemental brief to this Court, challenging his sentence. Because the trial court imposed a sentence of life without parole, this Court has jurisdiction of this direct appeal under Indiana Appellate Rule 4(A)(7).

Salyers's initial appeal challenged the trial court's findings and weighing of aggravating and mitigating circumstances. In his supplemental brief after resentencing, he invokes our power to review and revise sentences. It is unclear whether Salyers maintains his contentions as to weighing by the trial court. Because of this uncertainty, we address both claims: (1) whether the trial court erred in its weighing of the aggravator against the mitigators in this case and (2) whether the sentence was inappropriate in light of Salyers's character and the nature of the offense.

### Weighing of Mitigators and Aggravator

The trial court found that the victim of the murder was a law enforcement officer acting in the course of duty. This rendered Salyers eligible for life without parole under the death penalty statute.[1] Ind. Code § 35-50-2-9(b)(6) (2004). Salyers contends the trial court erred in finding that the sole aggravating factor outweighed the two mitigating factors.

The trial court found that Salyers's lack of prior criminal history and Salyers's mental state at the time of the murder were mitigating factors. The trial court placed "[g]reat weight of the full, complete, and highest level" on the single aggravating circumstance of murdering a law enforcement officer. The trial court determined that Salyers's lack of criminal convictions was a "substantial mitigator" and assigned weight accordingly. The trial court then determined that although Salyers pleaded guilty but mentally ill, there were facts in the record that reduced the level of mitigation that should be accorded Salyers's mental illness:

> The weight accorded to the mitigator is minimized by the fact that Mr. Salyers, in response to the question, "Do you have any idea if you killed that police officer?," said "I would say he is dead." When the questioner responded, "He is dead," Mr. Salyers asked "Is he dead?" The questioner answered "yes," to which Mr. Salyers said "That's good." The questioner then said "Pardon me?," and Mr. Sayers repeated, "That's good." When the questioner said "Why, why do you say that?," Mr. Salyers said, "I don't know. I was trying to hit him I guess." Then the questioner said, "Did you have anything against that police officer?" Mr. Salyers responded, "I shot the mother****** didn't I."

---

[1] Salyers waived his right to a jury trial on the issue of the existence of statutory aggravators and does not challenge the trial court's finding of the existence of an aggravator.

The trial court accordingly assigned "only minimal weight" to the mitigator of Salyers's mental illness.

A trial court's weighing of aggravating and mitigating circumstances is set aside only upon the showing of a manifest abuse of discretion. Losch v. State, 834 N.E.2d 1012, 1014 (Ind. 2005) (quoting Leone v. State, 797 N.E.2d 743, 748 (Ind. 2003). For the reasons explained below, we find that the trial court did not err in its assignment of weight to the aggravator and mitigators present in this case.

A defendant who enters a plea of guilty but mentally ill is to be sentenced in the same manner as a defendant who is found guilty of the offense. I.C. § 35-36-2-5(a); see also Georgopulos v. State, 735 N.E.2d 1138, 1141 (Ind. 2000). The State must prove beyond a reasonable doubt an aggravating circumstance rendering the defendant eligible for the death penalty or life without parole. Highbaugh v. State, 773 N.E.2d 247, 251 (Ind. 2002) (citing Ind. Code § 35-50-2-9(b) (2004); Greer v. State, 749 N.E.2d 545, 549 (Ind. 2001)). When imposing a sentence of life imprisonment without parole, the trial court's statement of reasons

(i) must identify each mitigating and aggravating circumstance found, (ii) must include the specific facts and reasons which lead the court to find the existence of each such circumstance, (iii) must articulate that the mitigating and aggravating circumstances have been evaluated and balanced in determining the sentence, and (iv) must set forth the trial court's own conclusion that the sentence is appropriate punishment for this offender and the crime.

Losch, 834 N.E.2d at 1014 (quoting Leone, 797 N.E.2d at 748). Trial courts should also take into account several considerations that bear on the weight, if any, that should be given the mental illness: "(1) the extent of the defendant's inability to control his or her behavior due to the disorder or impairment; (2) overall limitations on functioning; (3) the duration of the mental illness; and (4) the extent of any nexus between the disorder or impairment and the commission of the crime." Smith v. State, 770 N.E.2d 818, 823 (Ind. 2002) (citing Weeks v. State, 697 N.E.2d 28, 30 (Ind. 1998); Archer v. State, 698 N.E.2d 678, 685 (Ind. 1997)).

The explanation given by the trial court in this case satisfies these requirements. There is no issue as to Salyers's eligibility for life without parole. The trial court gave a detailed appraisal of the aggravating circumstance and each mitigating circumstance in this case. The trial court also explained why Salyers's mental illness was entitled to lesser weight than in many

4

cases.  With that explanation, the sentence imposed by the trial court falls well within the discretion given to the trial court in the weighing process.  In short, it was not an abuse of discretion for the trial court to determine that killing a police officer was a weighty aggravator that under the circumstances outweighed the two mitigators in this case.

**Appropriateness of Sentence**

Salyers also argues that his sentence of life imprisonment without parole is inappropriate in light of his character and the nature of the offense and should be reduced to the presumptive sentence of fifty-five years.  The Indiana Constitution gives this Court "in all appeals of criminal cases, the power to review all questions of law and to review and revise the sentence imposed."  Ind. Const. Art. VII, § 4; see Duncan v. State, 857 N.E.2d 955, 960 (Ind. 2006).  "Although appellate courts are reluctant to substitute their judgment for that of the trial court in sentencing, we are to review sentences to ensure that they are not inappropriate in light of the nature of the offense and character of the offender."  Hunter v. State, 854 N.E.2d 342, 344 (Ind. 2006) (internal quotation marks omitted) (citing App. R. 7(B); Serino v. State, 798 N.E.2d 852, 856 (Ind. 2003)).  For the reasons explained below, we conclude that Salyers's sentence was appropriate in light of his character and the nature of the offense.

The nature of Salyers's offense does not support Salyers's argument that he should receive the presumptive sentence.  Salyers shot a police officer in the back of the head with a high-powered rifle and planned this attack in advance.  After shooting Goodwin and watching him fall, Salyers attempted to shoot a person who had taken refuge under a police car and also attempted to kill another police officer.  As this Court has said,

> [t]he killing of a police officer in the course of duty is a most serious crime.  Police officers routinely risk their lives in the sometimes high stakes gamble of protecting society.  They do a job that we all want and need done, though few of us possess the bravery and skill to do.  They ask for little in return, but they do ask for some protection.  The General Assembly recognized this in enacting the statutory aggravator of Indiana Code § 35-50-2-9(b)(6).

Timberlake v. State, 753 N.E.2d 591, 609 (Ind. 2001) (quoting Lambert v. State, 675 N.E.2d 1060, 1066 (Ind. 1996)).

5

The character of the offender also supports Salyers's enhanced sentence of life without the possibility of parole. Although Salyers suffers from a mental illness and does not possess a prior criminal history, Salyers was able to describe his actions that day intelligently and was able to appreciate the consequences of his actions. He told detectives that he had been around firearms all his life and knew that if a person were hit with a bullet from an SKS rifle, it would "go plum through you."

Nothing about the nature of the offense or Salyers's character leads us to find that Salyers's sentence is inappropriate.

## Conclusion

The judgment of the trial court is affirmed.

Shepard, C.J., and Dickson and Rucker, JJ., concur.

Sullivan, J., dissents with separate opinion.

**Sullivan, Justice, dissenting.**


The Court here exercises its authority under Article VII, § 4, of the Indiana Constitution and Indiana Appellate Rule 7(B) to review Salyers's sentence but concludes that life without possibility of parole imposed by the trial court is appropriate. I respectfully disagree.


Salyers committed a heinous crime, the killing of a law enforcement officer in the line of duty. This is an aggravating circumstance that warrants extremely severe sanction. Timberlake v. State, 753 N.E.2d 591, 609 (Ind. 2001) (quoting Lambert v. State, 675 N.E.2d 1060, 1066 (Ind. 1996)).


But there are substantial mitigating circumstances here as well. The trial court found that Salyers's "capacity to appreciate the criminality of his conduct or to conform his conduct to the requirement of law was substantially impaired as a result of mental disease or defect." In point of fact, Salyers's crime appears to have been a suicide attempt. His highly incriminating sworn confession included the following: "I planned to do these shootings over the last two days. I did the shootings because I wanted the police to kill me."


As the Court recites, Salyers's mental problems are severe. Following his arrest, he was found incompetent to stand trial and was held in custody at a state mental illness hospital. It was not until four years later that he was even able to stand trial. When that time came, the State agreed that Salyers was mentally ill, entering into a plea agreement with him that he was guilty but mentally ill.


This Court has regularly found that the mitigating weight attributable to guilty-but-mentally-ill defendants warrants imposition of a presumptive sentence. See Crawford v. State, 770 N.E.2d 775, 782-83 (Ind. 2002) (reduction of defendant's 65-year sentence to the presumptive 55 years in part due to the "significant mitigating circumstance" of defendant's mental illness); Weeks v. State, 697 N.E.2d 28, 31 (Ind. 1998) (reduction of defendant's 60-year sentence to the presumptive sentence of 50 years due to defendant's mental illness); Gambill v. State, 675 N.E.2d 668, 677-78 (Ind. 1996) (defendant's mental illness was a substantial mitigator calling for

the imposition of the presumptive sentence); <u>Mayberry v. State</u>, 670 N.E.2d 1262, 1271 (Ind. 1996) (finding an abuse of discretion where the trial court failed to consider defendant's mental illness as a mitigator; remanded for imposition of presumptive sentence); <u>Barany v. State</u>, 658 N.E.2d 60, 67 (Ind. 1995) (finding a relationship between defendant's mental illness and the commission of the crime; remanded for imposition of presumptive sentence).

The trial court also found that Salyers had no criminal record at all – "a records inquiry did not reveal a juvenile or adult record, other than the pending Instant Offense." I believe absence of criminal history is among the weightiest of all mitigating circumstances. <u>See Prowell v. State</u>, 687 N.E.2d 563, 572 (Ind. 1997) (Sullivan, J., dissenting), <u>post-conviction relief granted</u>, 741 N.E.2d 704 (Ind. 2001).

Finally, Salyers did plead guilty. Our precedents recognize this as a mitigating circumstance because it demonstrates a defendant's acceptance of responsibility for the crime and extends a benefit to the state and the victim or the victim's family by avoiding a full-blown trial. <u>Scheckel v. State</u>, 655 N.E.2d 506, 511 (Ind. 1995).

I do not agree with Salyers that he is entitled to the presumptive sentence here – the aggravating circumstance is too weighty. But in light of the weight of the mitigating circumstances, I would impose upon Salyers a sentence of 65 years, the maximum term of years for the crime of murder.