## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 05 2016, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas W. Vanes
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Melvin Macon, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 5, 2016 <br><br> Court of Appeals Case No. <br> 45A05-1506-CR-707 <br><br> Appeal from the Lake Superior Court <br><br> The Honorable Clarence D. Murray, Judge <br><br> Trial Court Cause No. <br> 45G02-1309-FA-26 |

**Riley, Judge.**

## STATEMENT OF THE CASE

[1] Appellant-Defendant, Melvin Macon (Macon), appeals his sentence following his guilty plea for two Counts of attempted aggravated battery, Class B felonies, Ind. Code § 35-42-2-1.5 (2013).

[2] We affirm.

## ISSUE

[3] Macon raises one issue on appeal, which we restate as follows: Whether his sentence was inappropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY

[4] On July 24, 2013, while responding to a report of shots fired in the area, Officers Sergio Garcia and Donya Rimmer of the Gary Police Department, both wearing full police uniform and traveling in a fully marked police cruiser, observed a man, later identified as Macon, carrying a handgun equipped with a laser sight. The officers ordered Macon to stop. Instead of stopping, Macon pointed his handgun at the officers' vehicle and fired several shots. Macon fled and was later apprehended.

[5] On September 5, 2013, the State filed an Information charging Macon with two Counts of attempted murder, Class A felonies; two Counts of attempted aggravated battery, Class B felonies; and two Counts of attempted battery by means of a deadly weapon, Class C felonies. On February 11, 2015, Macon

pled guilty to both Counts of attempted aggravated battery, and, pursuant to the terms of the plea agreement, the State dismissed the remaining Counts and agreed that Macon's sentences would run concurrently.

At a sentencing hearing on May 20, 2015, the trial court found the circumstances of the crime to be a "significant aggravator" because there were multiple victims, the victims were police officers engaged in their lawful duties, and Macon's handgun was equipped with a laser sight. (Transcript p. 33). In addition, the trial court identified Macon's criminal history and his "numerous write-ups" in Lake County Jail since being incarcerated for the present offense as aggravators. (Tr. pp. 33-34). As for mitigating circumstances, the trial court noted Macon's guilty plea, his expressions of remorse, the fact that he completed the 12-step chemical dependency program, and his history of mental illness or learning disabilities. At the conclusion of the hearing, the trial court sentenced Macon to 14 years of imprisonment for each Count, with two years suspended to probation, to be served concurrently.

Macon now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Macon argues that his sentence is inappropriate in light of the nature of the offense and his character. It is well settled that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State,* 895 N.E.2d 1219, 1222 (Ind. 2008). Although a trial court may have acted within its lawful discretion in

determining a sentence, our court may revise the sentence if, "after due consideration of the trial court's decision, [we] find[ ] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Appellate Rule 7(B). With respect to Appellate Rule 7(B), "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell,* 895 N.E.2d at 1225. Ultimately, "whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id*. at 1224. In making this determination, we focus on the length of the aggregate sentence and the manner in which it is to be served. *Id*. The defendant bears the burden of proving that his sentence is inappropriate. *Reid v. State,* 876 N.E.2d 1114, 1116 (Ind. 2007).

[9] As to the nature of the offense, we note that Macon repeatedly shot at two fully uniformed police officers in their marked squad vehicle. We believe that this aggravator alone could have justified the trial court's sentence. As our supreme court noted,

> Police officers routinely risk their lives in the sometimes high stakes gamble of protecting society. They do a job that we all want and need done, though few of us possess the bravery and skill to do. They ask for little in return, but they do ask for some protection.

*Salyers v. State*, 862 N.E.2d 650, 654 (Ind. 2007); *see also Petruso v. State*, 441 N.E.2d 446, 450 (Ind. 1982) (finding the fact that the defendant attempted to murder a police officer who was performing his duties was a proper aggravator); *Mendoza v. State*, 869 N.E.2d 546, 557 (Ind. Ct. App. 2007) (affirming the defendant's maximum sentence solely based on the nature of the offense because the defendant "repeatedly fired a loaded revolver at two officers who were in full uniforms, performing their duties."), *trans. denied*. However, in addition, Macon was utilizing a laser sight, a sophisticated device designed to increase the lethal capabilities of a weapon system, which he aimed at multiple victims, thereby increasing and multiplying the ensued mayhem.

[10] Turning to Macon's character, we note that Macon had multiple violent offenses in the past. Macon had a prior misdemeanor conviction for battery and a juvenile adjudication for battery resulting in bodily injury. Macon incurred at least 14 conduct violations while incarcerated for the present offense, including two instances of refusing to obey the lawful request of jail staff; two instances of fighting with other inmates; assault or attempted assault, and/or battery or attempted battery on correction officers, jail staff, or fellow inmates; and fights or threats to harm, either verbally or physically, against correction officers, jail staff, or fellow inmates. This certainly demonstrates Macon's disregard for the law, disrespect for lawful authority, and repeated violent behavior. Macon claims that the trial court did not consider the "sad circumstances of [his] upbringing." (Appellant's Br. p. 5). We, however, note that even if the trial court gave his unfortunate childhood any weight, it would

have been "in the very low range," if at all. *Houser v. State*, 823 N.E.2d 693, 700 (Ind. 2005). Accordingly, considering Macon's unchanged violent behavior and the malicious circumstances of his offense, we conclude that Macon failed to persuade us that the trial court's sentencing decision was inappropriate.

## CONCLUSION

[11] Based on the foregoing, we hold that Macon's sentence was not inappropriate.

[12] Affirmed.

[13] Kirsch, J. and Pyle, J. concur