# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Sep 16 2016, 6:11 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Zachary A. Witte
Locke & Witte
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Caryn N. Szyper
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Lindsey P. Smith,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | September 16, 2016<br><br>Court of Appeals Case No.<br>02A03-1603-CR-652<br><br>Appeal from the Allen Superior Court<br><br>The Honorable Wendy W. Davis, Judge<br><br>Trial Court Cause No.<br>02D05-1508-F6-731 |

**Mathias, Judge.**

[1]     Lindsey P. Smith ("Lindsey") pleaded guilty in Allen Superior Court to domestic battery in the presence of a child. The sentencing court sentenced

Lindsey to one-and-a-half years' incarceration in the Department of Correction, all suspended to probation, but conditioned upon her execution of thirty days' confinement in the Allen County jail. Lindsey appeals this sentence as inappropriate.

We affirm.

## Facts and Procedural History

Late in the evening of August 3, 2015, detectives of the Fort Wayne Police Department were called to the apartment home of Lindsey and her then-husband Heath Smith ("Heath") by a report of domestic battery. Heath met the officers at the door, teary eyed and red faced, complaining of pain in his face and back. Lindsey and Heath had argued and come to blows, because Heath had chosen to visit his mother and brother rather than take Lindsey to her first day of work. Specifically, Heath reported that Lindsey struck his face and back repeatedly in the presence of one or both of Lindsey's young sons, aged five and eight at the time of sentencing.[1] Lindsey admitted the truth of Heath's accusations to the detectives, adding that, if she could get through the detectives to hit Heath again, she "damn well sure would." Ex. Vol., State's Ex. 15.

---

[1] The detectives reported only the presence of Lindsey's younger son on the scene at the time of the argument, but both children were present in the apartment at the time of the detectives' interview with Heath and Lindsey, and Lindsey affirmed at sentencing, in response to questioning by the court, that both children were "upstairs while all that was [going on]." Tr. p. 15.

[4]     Lindsey was charged with domestic battery in the presence of a child. Unable to reach a plea agreement with the State, Lindsey pleaded guilty without the benefit of an agreement two days before her scheduled trial on February 2, 2016. The court ordered a presentence investigation report and heard evidence and argument at Lindsey's sentencing hearing on March 11, 2016. The court sentenced Lindsey to 548 days in the Department of Correction, all suspended but conditioned on thirty days in the Allen County jail. This appeal followed.

**Whether Lindsey's Sentence Is Inappropriate**

[5]     Two avenues to relief are open to a convicted offender wishing to challenge her sentence, one substantive and one procedural. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). The Indiana Constitution and Indiana Rules of Appellate Procedure authorize substantive appellate review and revision of any sentence in a criminal case. Ind. Const. art. VII, § 6; Ind. Appellate Rule 7(B). This constitutional power of revision is independent of the power, grounded in statute, to review procedurally the exercise of the sentencing court's discretion in fashioning a sentence. *Anglemyer*, 868 N.E.2d at 491; Ind. Code § 35-38-1-7.1(d) (court "may impose" any sentence consistent with statute and the Constitution).

[6]     A reviewing court invited to exercise its power of revision will do so only if, "after due consideration of the trial court's decision," the court finds the sentence to be "inappropriate in light of the nature of the offense and the

character of the offender." App. R. 7(B). We are reluctant to substitute our judgment for that of the sentencing court. *Hunter v. State*, 854 N.E.2d 342, 344 (Ind. 2006). The question before us is not whether some other sentence might be "more appropriate," but rather whether the sentence as pronounced is inappropriate. *Barker v. State*, 994 N.E.2d 306, 315 (Ind. Ct. App. 2013), *trans. denied*.

[7] The defendant bears the burden of persuading the appellate court that she has been inappropriately sentenced. *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008). This burden is a heavy one. "[C]onsiderable deference" is due the sentence pronounced below, *Hines v. State*, 30 N.E.3d 1216, 1225 (Ind. 2015), in view of the sentencing courts' "special expertise" in the fact-intensive sentencing decision, *Scott v. State*, 840 N.E.2d 376, 381 (Ind. Ct. App. 2006), *trans. denied*, and such deference ordinarily "should prevail unless overcome by compelling evidence portraying [the offense and the offender] in a positive light." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[8] We examine the sentence in its totality as it is actually to be served. *Cardwell v. State*, 895 N.E.2d 1219, 1224 (Ind. 2008). The aggregate term of years, *id.*, the time suspended and executed, *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010), the placement called for in the sentence, *King*, 894 N.E.2d at 267, and any other penal consequences, *Davidson*, 926 N.E.2d at 1025, are examined in light of the defendant's culpability, the severity of the crime, the harm done to others, and any other relevant facts of the individual case. *Cardwell*, 895 N.E.2d at 1224. We undertake such review guided by its primary purpose of

"leaven[ing] the outliers," that is, promoting consistency and uniformity in sentencing by restraining extraordinarily harsh or lenient sentences. *Id.* at 1225.

[9] Lindsey pleaded guilty without benefit of a plea agreement to a Level 6 felony. The sentencing range for a Level 6 felony is between six months and two and one-half years, with an advisory sentence of one year, plus a fine of up to $10,000. I.C. § 35-50-2-7(b). *See Abbot v. State*, 961 N.E.2d 1016, 1019 (Ind. 2012) (identifying advisory sentence as the "starting point" of inappropriateness review). Lindsey's one-and-one-half-year sentence is thus both longer and shorter than the advisory sentence: the aggregate term being six months longer, but the executed time eleven months shorter, near the midpoint of the statutory range. We now examine whether this sentence is inappropriate in light of the nature of Lindsey's offense and of Lindsey's character.

[10] As to the nature of her offense, Lindsey argues that her conduct was not "particularly egregious or severe" so as to justify deviation from the advisory sentence, Appellant's Br. at 12, and, in effect, that the sentencing court improperly weighed the underlying elements of the offense in aggravation of her sentence, usually referred to as "double enhancement." She argues particularly that Heath's injuries were no greater than the minimum required to satisfy the bodily-injury element of domestic battery, I.C. § 35-42-2-1.3(a) (2015),[2] and that her "offense has already been enhanced" from a misdemeanor

---

[2] Simple domestic battery no longer requires bodily injury. *Compare* I.C. § 35-42-2-1.3(a)(1) (2016) *with* I.C. § 35-42-2-1.3(a) (2015).

to a felony by the presence of her children at the time of the battery. Appellant's Br. at 12. *Compare* I.C. § 35-42-2-1.3(a) (2015) (simple domestic battery) *with id.* at (b)(2) (domestic battery in presence of a child under age sixteen).

[11] We find these arguments unpersuasive for three reasons. First, the advisory sentence must be understood as the legislature does, as a "guideline sentence that the court *may voluntarily* consider," I.C. § 35-50-2-1.3(a) (emphasis added), not as a presumptive sentence by another name. Since the legislature abandoned presumptive sentences, our supreme court has consistently held that, "[b]ecause the sentencing statute no longer requires a trial court to impose a presumptive sentence except when deviating from it on the basis of aggravating or mitigating [factors], the correlation between those factors and a given sentence will not be as close" as under the previous scheme. *Hamilton v. State*, 955 N.E.2d 723, 726 (Ind. 2011). So long as the sentencing court provides a sentencing statement as required by statute, "which may or may not include the existence of aggravating and mitigating factors, [the court] may then impose *any* sentence" permitted by statute and the Constitution. *Sharkey v. State*, 967 N.E.2d 1074, 1078 (Ind. Ct. App. 2012) (emphasis added). Defendants like Lindsey wishing to challenge their sentences may not argue that a sentencing court must justify "deviation" from a preset default.

[12] Second, it is well settled that a sentencing court evaluating aggravators and mitigators may properly consider the particular circumstances of the offense as aggravators. *McElroy v. State*, 865 N.E.2d 584, 589–90 (Ind. 2007). The only fact required to enhance domestic battery by the presence of a child is that the child

be *capable* of sensing the battery. *Boyd v. State*, 889 N.E.2d 321, 325 (Ind. Ct. App. 2008), *trans. denied*. The sentencing court thus did not twice weigh the presence of Lindsey's children at the scene of the battery when it found as an aggravator the children's *actual* exposure to Lindsey's coarse language and her "punching, scratching, [and] whatever [else Lindsey] could do to get to [Heath]." Tr. pp. 14–15.

[13] Similarly, Lindsey mischaracterizes the evidence below as to Heath's injuries. Lindsey argues that Heath "did not sustain any damage other tha[n] redness to his face," Appellant's Br. at 12, but Heath insisted otherwise in his victim impact statement. Appellant's App. p. 67 (reporting continuing physical and mental pain as the result of Lindsey's battery). In any event, the statute requires even less: *any* physical impairment, including *any* degree of physical pain. *Bailey v. State*, 979 N.E.2d 133, 138 (Ind. 2012) (pain caused by repeated "pokes" to the forehead is bodily injury within the domestic battery statute). It was thus within the sound discretion of the sentencing court to find any additional circumstance as an aggravator. *Anglemyer*, 868 N.E.2d at 491.

[14] Finally, to the extent that claims for double enhancement survived the legislature's 2005 sentencing revisions, *see Pedraza v. State*, 887 N.E.2d 77 (Ind. 2008), such claims, in their nature procedural, are properly brought as claims for abuse of discretion. *Gomillia v. State*, 13 N.E.3d 846, 852 (Ind. 2014) (locating surviving double-enhancement claims in the "improper as a matter of law" prong of abuse-of-discretion analysis (*Anglemyer*, 868 N.E.2d at 491)). Lacking additional, substantive cogency, Lindsey's double-enhancement

arguments are not cognizable in Rule 7(B) review. As we have discussed above, however, Lindsey's arguments would fail on the merits even had they been properly raised.

[15] As to her character, Lindsey focuses on her previously unblemished criminal record and her quick acceptance of responsibility. These facts were presented as mitigators at Lindsey's sentencing and were considered by the court on the record. In contrast, the sentencing court found Lindsey's utter lack of remorse for her conduct "extremely aggravating." Tr. p. 14.

[16] Lindsey argues that her lack of remorse "was not so egregious as to outweigh all other mitigating circumstances." Appellant's Br. at 13. Her argument is thus with the relative weight the sentencing court assigned to the aggravators and mitigators in her case. Again, however, the weighing of recorded aggravators and mitigators is within the sound discretion of the sentencing court, *Anglemyer*, 868 N.E.2d at 491, and Lindsey's argument amounts simply to request for a "more appropriate" sentence. However, this is not our task. *Barker*, 994 N.E.2d at 315.

[17] Though the factual record is fairly sparse, it is clear that Lindsey repeatedly and violently struck her then-husband Heath on the face and back in retaliation for his deliberate failure to transport her to her first day of work at a new job, and, possibly, for verbal provocation by Heath. Lindsey exposed her two sons, aged five and eight, to her violent conduct and violent language as they sat in an upstairs room of their shared home.

[18] While Lindsey had no prior criminal record and was found to present a low risk of re-offense, she reported to her presentence report investigator having "some criminal peers" with whom she will continue to associate. Appellant's App. p. 94. When asked at sentencing whether her battery of Heath had been a "one-time event," Lindsey refused to answer. Tr. p. 13. Most damningly, she repeatedly asserted that Heath deserved the treatment he received from her, both to the on-scene detective, Ex. Vol., State's Ex. 15, and to her presentence report investigator, Appellant's App. p. 95; and she suggested as much again at sentencing. Tr. pp. 12–13.

[19] In light of the nature of Lindsey's offense and her character, we cannot say that her sentence is inappropriate.[3]

[20] Affirmed.

Robb, J., and Brown, J., concur.

---

[3] The decision rendered in this opinion does not excuse Heath's deliberate choice not to transport Lindsey to her first and most important day of work, a particularly inconsiderate decision at a time when work is hard to come by.