## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 02 2016, 8:01 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer L. Koethe
LaPorte, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela Sanchez
Deputy Attorney General of Indiana
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ann Casildo,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

November 2, 2016

Court of Appeals Case No.
46A03-1603-CR-532

Appeal from the LaPorte Circuit Court.
The Honorable Thomas J. Alevizos, Judge.
Cause No. 46C01-1402-FC-78

**Darden, Senior Judge**

## Statement of the Case

Ann Casildo pleaded guilty to forgery as a Class C felony.[1] She was sentenced to six years' imprisonment with no time suspended. She appeals the sentence. We affirm.

## Issues

The issues Casildo raises for our review are whether the trial court abused its discretion in sentencing her; and, whether her six-year sentence is inappropriate in light of the nature of her offense and her character.

## Facts and Procedural History

On July 18, 2013, Victor Moyar reported to the police that several of his credit cards had been fraudulently used, that approximately $32,000.00 had been charged to his credit cards without his permission, and that a line of credit had been established without his permission. Moyar suspected Casildo, his daughter, of the unauthorized activity. Moyar also reported that he believed Casildo had, without his permission, removed money from his bank account and deposited the money into her bank account.

Detective Scott Boswell interviewed Casildo regarding the use of Moyar's credit cards and the money that had been removed from his bank account. Casildo admitted that she used Moyar's credit cards, but claimed she had his permission

---

[1] Ind. Code § 35-43-5-2(b)(1) (2006).

to do so. She also admitted that she filled out three checks totaling $5,500.00, signed Moyar's name to the checks, and deposited the funds into her bank account.

[5] On February 20, 2014, Casildo was charged with forgery as a Class C felony, two counts of fraud, as Class D felonies, and identity deception as a Class D felony. Under a plea agreement, Casildo pleaded guilty to the forgery charge and the State agreed to dismiss all of the other charges.

[6] The presumptive sentence for a Class C felony is four years, with not more than four years added for aggravating circumstances, and not more than two years subtracted for mitigating circumstances. *See* Ind. Code § 35-50-2-6 (2005). At sentencing, the trial court found that aggravating circumstances outweighed the mitigating circumstances and sentenced Casildo to six years executed, with no time suspended. Casildo appeals.

# Discussion and Decision

## I. Abuse of Discretion

[7] Casildo argues the trial court abused its discretion in imposing the six-year sentence because the court gave "little weight" to Casildo's mitigating circumstances of mental illness and substance abuse. Appellant's Br. p. 6. Sentencing is generally left to the discretion of the trial court, and we will only reverse a trial court's sentencing decision based on an abuse of that discretion. *Losch v. State*, 834 N.E.2d 1012, 1014 (Ind. 2005). The trial court has discretion to determine whether a presumptive sentence will be increased or decreased

because of aggravating or mitigating circumstances. *Klein v. State*, 698 N.E.2d 296, 300 (Ind. 1998).

[8] Regarding Casildo's argument, it is well established that appellate courts no longer review for an abuse of discretion the weight or lack thereof a trial court attributes to particular mitigating circumstances. *See Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). No error occurred here.

## II. Inappropriateness

[9] Casildo next argues that her six-year sentence is inappropriate in light of the nature of the offense and her character. We may revise a sentence if it is "inappropriate in light of the nature of the offense and the character of the offender." Ind. Appellate Rule 7(B). Casildo bears the burden of persuading us that her sentence is inappropriate. *Reid v. State,* 876 N.E.2d 1114, 1116 (Ind. 2007).

[10] Looking at the nature of Casildo's offense, we are not persuaded. Casildo took advantage and violated the trust of her father, who was over sixty years old at the time the crimes were committed. Without his permission, she used his credit cards in excess of seventy times and charged thousands of dollars to his credit cards, and forged his signature several times on checks so that she could remove over $5,000.00 from his bank account and deposit the funds into her bank account. According to her father's victim impact statement, Casildo betrayed his trust to such a degree that he felt he could no longer trust anyone

again. Based on the foregoing, we conclude that the nature of Casildo's offense does not render her six-year sentence inappropriate.

[11] Casildo also has not shown her sentence to be inappropriate in light of her character. When considering the character of the offender, one relevant fact is the defendant's criminal history. *Johnson v. State,* 986 N.E.2d 852, 857 (Ind. Ct. App. 2013). The significance of criminal history varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.*

[12] Casildo has a criminal history that began in 1997 and continues to the present, including: six convictions for misdemeanor driving while license suspended (1997-2000); Class D felony fraud and theft (1999); misdemeanor disorderly conduct (2002); Class D felony neglect of a dependent (2002); misdemeanor operating a vehicle with alcohol concentration equivalent to .15 or more (2003); Class D felony operating a vehicle as a habitual traffic violator (2003); Class C felony welfare fraud (2005); misdemeanor operating a vehicle with alcohol concentration equivalent to .15 or more, and operating a vehicle while intoxicated in a manner that endangers a person (2008); misdemeanor operating a vehicle with alcohol concentration equivalent to at least .08 but less than .15, and operating a vehicle while intoxicated (2011); and Class C felony forgery (2013). Two of Casildo's prior felony convictions for credit card and welfare fraud damages were in excess of $35,000.00. She failed to appear for court on numerous occasions. She was placed on probation, which was later revoked. She also was placed in community correction and on electronic monitoring, but violated both programs.

Under these facts and circumstances herein, we cannot conclude that Casildo's six-year sentence for Class C felony forgery is inappropriate in light of the nature of the offense and her character.

## Conclusion

For the reasons stated, we conclude the trial court did not abuse its discretion in sentencing Casildo, and Casildo's sentence is not inappropriate given the nature of the offense and her character.

Affirmed.

Baker, J., and Najam, J., concur.